1  LATHAM & WATKINS LLP
      David J. Schindler (CA Bar No. 130490)
2      *david.schindler@lw.com*
      Kristen M. Tuey (CA Bar No. 252565)
3      *kristen.tuey@lw.com*
      Molly K. Wyler (CA Bar No. 299881)
4      *molly.wyler@lw.com*
   355 South Grand Avenue, Suite 100
5  Los Angeles, California 90071-1560
   Telephone: (213)-485-1234
6  Facsimile: (213)-891-8763

7  *Attorneys for Defendants The Ensign Group,*
   *Inc. and Ensign Services, Inc. (erroneously*
8  *sued as Ensign Facility Services, Inc.)*

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA and        CASE NO. 8:15-cv-00389-JWH-DFM
    STATE OF CALIFORNIA, *ex rel.*
14  SHARON GINGER,                       Hon. John W. Holcomb

15              Plaintiffs,
                                         **DEFENDANTS THE ENSIGN GROUP,**
16       v.                              **INC.'S AND ENSIGN SERVICES,**
                                         **INC.'S ANSWER TO RELATOR'S**
17  THE ENSIGN GROUP, INC. and           **SECOND AMENDED COMPLAINT**
    ENSIGN FACILITY SERVICES,
18  INC.,

19              Defendants.

20

21

22

23

24

25

26

27

28

1    Defendants The Ensign Group, Inc. ("Ensign Group") and Ensign Services,
2    Inc. ("Ensign Services") (erroneously sued as Ensign Facility Services, Inc.)
3    (together, "Defendants") hereby answer the Second Amended Complaint of Relator
4    Sharon Ginger ("Relator").  Defendants generally deny each and every allegation
5    except those hereinafter specifically admitted.  Defendants have included the
6    headings reflected in Relator's Second Amended Complaint to aid the Court in
7    reviewing Defendants' Answer.  To the extent these headings include factual
8    allegations, Defendants expressly deny each and every allegation.  On March 29,
9    2022, the Court dismissed Relator's third claim for relief with prejudice.  Dkt. 139.
10   There are many allegations that clearly relate to the dismissed claim that are now
11   surplusage and do not require a response.  Defendants also note that Relator was
12   employed in the Contracts Department of Ensign Services and had access to
13   privileged materials.  To the extent that Relator's allegations in the Second Amended
14   Complaint rely, implicitly or otherwise, on privileged communications or any other
15   privileged material Relator had access to by virtue of her position at Ensign Services,
16   Defendants state that Relator is barred from violating privilege and improperly
17   relying on privileged communications and materials, and on that basis neither admit
18   nor deny allegations relating to those conversations or materials.  Defendants further
19   answer the numbered Paragraphs of the Second Amended Complaint as follows:

20   **I. INTRODUCTION**

21        1.    The allegations in Paragraph 1 describe the Second Amended
22   Complaint, a legal document, which speaks for itself and to which no response is
23   required.  To the extent required, Defendants admit that Relator purports to bring
24   this this action on behalf of the United States of America and the State of California
25   (collectively, the "Government").  Defendants deny that Relator has stated a claim
26   against Defendants or that discovery will yield evidentiary support for Relator's
27   allegations against Defendants.  Defendants otherwise deny the remaining
28   allegations in Paragraph 1.

2.   The allegations in Paragraph 2 state legal conclusions to which no response is required.  To the extent required, Defendants deny that Relator has stated a claim against Defendants or that discovery will yield evidentiary support for Relator's allegations against Defendants.  Defendants otherwise deny the remaining allegations in Paragraph 2.

3.   The allegations in Paragraph 3 state legal conclusions to which no response is required.  To the extent required, Defendants deny that Relator has stated a claim against Defendants or that discovery will yield evidentiary support for Relator's allegations against Defendants. Defendants are further without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 3 because there is no entity known as "Ensign,"  Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated skilled nursing and assisted living facilities (the "SNFs") are one entity, and on that basis deny said allegations.   Defendants otherwise deny the remaining allegations in Paragraph 3.

A.   **Defendants' Fraudulent Schemes**

4.   Defendants deny heading I.A.  Defendants admit that The Ensign Group was established in or about 1999.  Defendants admit that there are over 140 SNFs affiliated with The Ensign Group.  Defendants admit that many of the affiliated independently operated SNFs are located in the Western and Southwestern United States.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 4 because there is no entity known as "Ensign," Defendants further deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

5.   Defendants admit that certain members of the administration of the independently operated SNFs have attended certain trainings provided by Ensign Services.  Defendants are without sufficient knowledge or information to admit or

deny the remaining allegations in Paragraph 5 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

6.   Defendants admit that The Ensign Group entered into a corporate integrity agreement ("CIA") with the HHS Office of the Inspector General ("HHS-OIG") in October 2013.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

7.   The allegations in the first sentence of Paragraph 7 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.  To the extent required, Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 7 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.  Ensign Services admits that Relator worked as Contracts Manager for it from November 4, 2013 through June 5, 2015, and further admits that some of Relator's responsibilities included reviewing, tracking, and monitoring certain contracts entered into by the independently operated SNFs.  Ensign Services admits that Relator participated in Ensign Services' Compliance Committee meetings at various points in time during the course of her employment.  Defendants otherwise deny the remaining allegations in Paragraph 7.

8.   The allegations in the first sentence of Paragraph 8 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.  The allegations in Paragraph 8 further state legal conclusions

to which no response is required.  To the extent required, Defendants are otherwise without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

9.    The allegations in Paragraph 9 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.   To the extent required, Defendants are otherwise without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

10.    The allegations in Paragraph 10 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.  To the extent the allegations in Paragraph 10 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  To the extent required, Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10 and on that basis deny said allegations.

11.    Defendants admit that Charlie Jenkins was at one time the Administrator at Premier Care Center.  To the extent the allegations in Paragraph 11 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny

1    that Relator's characterization of the document or documents is accurate.  To the

2    extent required, Defendants are otherwise without sufficient knowledge or

3    information to admit or deny the allegations in Paragraph 11 and on that basis deny

4    said allegations.

5        12.    The allegations in the first sentence of Paragraph 12 describe the

6    Second Amended Complaint, a legal document, which speaks for itself and to which

7    no response is required.  The allegations in the first sentence in Paragraph 12 also

8    states legal conclusions to which no response is required.   To the extent the

9    allegations in Paragraph 12 purport to describe a document or documents, such

10   documents speak for themselves and, as such, no response is required.  Defendants

11   otherwise deny the allegations to the extent they vary from the written terms of the

12   document or documents, and deny that Relator's characterization of the document

13   or documents is accurate.  Defendants are otherwise without sufficient knowledge

14   or information to admit or deny the remaining allegations in Paragraph 12 because

15   there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign

16   Services are the same entity and deny that the Defendants and the independently

17   operated SNFs are one entity, and on that basis deny said allegations.

18       13.    The allegations in the first sentence in Paragraph 13 describe the

19   Second Amended Complaint, a legal document, which speaks for itself and to which

20   no response is required.  To the extent required, Defendants deny the allegations in

21   the first sentence in Paragraph 13.  To the extent that the allegations in Paragraph 13

22   purport to describe a document or documents, such documents speak for themselves

23   and, as such, no response is required.  Defendants otherwise deny the allegations to

24   the extent they vary from the written terms of the document or documents, and deny

25   that Relator's characterization of the document or documents is accurate.  Ensign

26   Services admits that Ms. Wittekind discussed her understanding of certain business

27   terms in place at the time, including that hourly rates were routinely used as a metric

28   for Medical Director payments prior to Relator's hiring at Ensign Services.

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

However, Defendants note that Relator was employed in the Contracts Department and had access to privileged materials. To the extent that Relator's allegations in Paragraph 13 rely, implicitly or otherwise, on privileged communications with Ms. Wittekind or any other member of the legal department, or any other privileged material Relator had access to by virtue of her position at Ensign Services, Defendants state that Relator is barred from violating privilege and improperly relying on privileged communications and on that basis neither admit nor deny allegations relating to those conversations or materials. Defendants deny the allegations in the last sentence of Paragraph 13. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

14.     The allegations in Paragraph 14 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required. The allegations in Paragraph 14 also state legal conclusions to which no response is required. To the extent required, Defendants specifically deny any misconduct. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

15.     The allegations in Paragraph 15 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required. The allegations in Paragraph 15 also state legal conclusions to which no response is required. To the extent the allegations in Paragraph 15 relate to claims that have been dismissed, they are surplusage and should be stricken. Defendants

admit that the Ensign Group entered into a CIA, which took effect on October 1, 2013 and lasted for five years.  Defendants deny that Ensign Group violated any aspect of the CIA referenced in Paragraph 15.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 15 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

16.   The allegations in Paragraph 16 state legal conclusions to which no response is required.  To the extent required, Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

**1.   Ensign's Scheme To Pay Improper Compensation And Remuneration To Physicians To Induce Patient Referrals To Ensign's SNFs**

17.   Defendants deny Heading I.A.1.  The allegations in Paragraph 17 state legal conclusions to which no response is required.  To the extent required, Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 17 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.  Defendants otherwise deny the remaining allegations in Paragraph 17.

18.   Ensign Services admits that the independently operated SNFs contract with physicians to serve as Medical Directors, Associate Medical Directors or consultants.[1]  Defendants are without sufficient knowledge or information to admit

---

[1] The allegations in footnote 1 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.  To the extent required, Defendants deny the allegations in footnote 1.

or deny the allegations in the first sentence of Paragraph 18 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations. The allegations in the last sentence of Paragraph 18 state legal conclusions to which no response is required. To the extent required, Defendants deny the allegations in the last sentence of Paragraph 18 and otherwise deny the remaining allegations in Paragraph 18.

19. Defendants deny the existence of a "corporate office." Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 19 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

20. Ensign Services admits that the independently operated SNFs set many goals associated with clinical and operational performance, one of which is referred to as a "BHAG." Ensign Services further admits that it facilitates a travel-related incentive for certain members of management of the independently operated SNFs who meet one or more of these goals. Defendants specifically deny any requirement that the independently operated SNFs set goals for Medicare census or other profit-related metrics and further deny the existence of any substantive formal review process for goals established by the independently operated SNFs. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 20 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

21. Ensign Services admits that the independently operated SNFs are organized into groups known as "clusters" that are largely geographical in nature.

1    Defendants deny the existence of a "corporate office" and further deny that they
2    administer and evaluate the performance of clusters as a whole.  Defendants are
3    otherwise without sufficient knowledge or information to admit or deny the
4    remaining allegations of Paragraph 21 because there is no entity known as "Ensign,"
5    Defendants deny that Ensign Group and Ensign Services are the same entity and
6    deny that the Defendants and the independently operated SNFs are one entity, and
7    on that basis deny said allegations.

8        22.    Defendants are without sufficient knowledge or information to admit
9    or deny the allegations in Paragraph 22 and on that basis deny said allegations.

10       23.    The allegations in the first sentence of Paragraph 23 state legal
11   conclusions to which no response is required.  To the extent required, Defendants
12   are without sufficient knowledge or information to admit or deny the allegations in
13   the first sentence of Paragraph 23 and on that basis deny said allegations.  Ensign
14   Services admits that the independently operated SNFs negotiated applicable
15   compensation rates with physicians or consultants physicians or consultants to serve
16   as facility Medical Directors.  Defendants are otherwise without sufficient
17   knowledge or information to admit or deny the remaining allegations in Paragraph
18   23 and on that basis deny said allegations.

19       24.    Defendants are without sufficient knowledge or information to admit
20   or deny the allegations in Paragraph 24 and on that basis deny said allegations.

21       25.    The allegations in Paragraph 25 refer to the Second Amended
22   Complaint, a legal document, which speaks for itself and to which no response is
23   required.  To the extent that the allegations in Paragraph 25 purport to describe a
24   document or documents, such documents speak for themselves and, as such, no
25   response is required.  Defendants deny the allegations to the extent they vary from
26   the written terms of the document or documents, and deny that Relator's
27   characterization of the document or documents is accurate.  Defendants are
28   otherwise without sufficient knowledge or information to admit or deny the

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

1  remaining allegations in Paragraph 25 and on that basis deny said allegations.

2      26.    The allegations in Paragraph 26 state legal conclusions to which no

3  response is required.   To the extent required, Defendants are without sufficient

4  knowledge or information to admit or deny the allegations in Paragraph 26 and on

5  that basis deny said allegations.

6      27.    The allegations in Paragraph 27 state legal conclusions to which no

7  response is required.   Defendants deny the allegations in the last sentence of

8  Paragraph 27.  To the extent required, Defendants are otherwise without sufficient

9  knowledge or information to admit or deny the remaining allegations of Paragraph

10  27 because there is no entity known as "Ensign," Defendants deny that Ensign Group

11  and Ensign Services are the same entity and deny that the Defendants and the

12  independently operated SNFs are one entity, and on that basis deny said allegations.

13      28.    The allegations in Paragraph 28 state legal conclusions to which no

14  response is required.   To the extent required, Defendants deny the allegations in

15  Paragraph 28.

16      **2.    Ensign's Illegal "Swapping" Scheme with Axiom Mobile Imaging**

17      29.    Defendants deny Heading I.A.2.  The allegations in the first sentence

18  of Paragraph 29 state legal conclusions to which no response is required.  To the

19  extent required, Defendants are without sufficient knowledge or information to

20  admit or deny the allegations in Paragraph 29 and on that basis deny said allegations.

21      30.    To the extent the allegations in Paragraph 30 purport to summarize

22  and/or describe the provisions of the Medicare program, Defendants state that the

23  Medicare statute and regulations speak for themselves, and no response is required,

24  and to the extent the allegations in Paragraph 30 vary therefrom or with other

25  applicable statutory or decisional law, Defendants deny those allegations.   The

26  allegations in Paragraph 30 also state legal conclusions to which no response is

27  required.  To the extent required, Defendants are without sufficient knowledge or

28  information to admit or deny the allegations in Paragraph 30 and on that basis deny

1  said allegations.

2      31.     To the extent the allegations in Paragraph 31 purport to summarize

3  and/or describe the provisions of the Medicare program, Defendants state that the

4  Medicare statute and regulations speak for themselves, to which no response is

5  required, and to the extent that the allegations in Paragraph 31 vary therefrom or

6  with other applicable statutory or decisional law, Defendants deny those allegations.

7  To the extent required, Defendants are otherwise without sufficient knowledge or

8  information to admit or deny the allegations in Paragraph 31 and on that basis deny

9  said allegations.

10      32.     Defendants are without sufficient knowledge or information to admit

11  or deny the allegations in Paragraph 32 and on that basis deny said allegations.

12      33.     The allegations in Paragraph 33 state legal conclusions to which no

13  response is required.   To the extent required, Defendants deny the allegations in

14  Paragraph 33.

15      **3.    Ensign's Violations of its CIA With the Government**

16      34.     Defendants deny the Heading I.A.3.  To the extent the allegations in

17  Paragraph 34 relate to claims that have been dismissed, they are surplusage and

18  should be stricken.  The allegations in Paragraph 34 state legal conclusions to which

19  no response is required.   Paragraph 34 also refers to the Second Amended

20  Complaint, a legal document, which speaks for itself and to which no response is

21  required.  Defendants specifically deny any violations of the CIA and further deny

22  the allegations in Paragraph 34.

23      35.     To the extent the allegations in Paragraph 35 relate to claims that have

24  been dismissed, they are surplusage and should be stricken.   The allegations in

25  Paragraph 35 purport to describe a document or documents, and, as such, no

26  response is required.  Defendants otherwise deny the allegations to the extent they

27  vary from the written terms of the document or documents, and deny that Relator's

28  characterization of the document or documents is accurate.   Defendants otherwise

1   deny the remaining allegations in Paragraph 35.

2       36.    To the extent the allegations in Paragraph 36 relate to claims that have

3   been dismissed, they are surplusage and should be stricken.  Defendants admit that

4   Deborah Miller was the Chief Compliance Officer of The Ensign Group at the time

5   she signed the CIA, and also admit that she signed the annual certifications as

6   required in the CIA.  Defendants deny that, as Chief Compliance Officer, Ms. Miller

7   reported solely to Christopher Christensen.   Defendants admit that Ms. Miller

8   reported on her daily duties to Christopher Christensen who was the President and

9   CEO of The Ensign Group until May 2019.   The allegations in Paragraph 36

10  otherwise purport to describe a document or documents, and, as such, no response

11  is required.  Defendants otherwise deny the allegations to the extent they vary from

12  the written terms of the document or documents, and deny that Relator's

13  characterization of the document or documents is accurate.  Defendants otherwise

14  deny the remaining allegations in Paragraph 36.

15      37.    To the extent the allegations in Paragraph 37 relate to claims that have

16  been dismissed, they are surplusage and should be stricken.  The allegations in

17  Paragraph 37 state legal conclusions to which no response is required.  To the extent

18  required, Defendants deny that there was any entity known as "Ensign" and further

19  deny the allegations in Paragraph 37.

20      38.    To the extent the allegations in Paragraph 38 relate to claims that have

21  been dismissed, they are surplusage and should be stricken.  The allegations in

22  Paragraph 38 state legal conclusions to which no response is required.  To the extent

23  required, Defendants deny that there was any entity known as "Ensign" and further

24  deny the allegations in Paragraph 38.

25  **4.    Damage to the United States and California**

26      39.    Defendants deny Heading I.A.4.  The allegations in Paragraph 39 state

27  legal conclusions to which no response is required.   To the extent required,

28  Defendants deny that there was any entity known as "Ensign" and further deny the

allegations in Paragraph 39.

40.     The allegations in Paragraph 40 purport to paraphrase, state, or interpret law or regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer.  To the extent that the allegations in Paragraph 40 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  The allegations in Paragraph 40 also state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 41.

## B.     The Federal and California False Claims Acts

42.     Paragraph 42 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  To the extent the allegations in Paragraph 42 purport to summarize and/or describe the provisions of the federal False Claims Act, Defendants state that the federal False Claims Act statute and regulations speak for themselves, and no response is required, and to the extent that the allegations in Paragraph 42 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 42.

43.     Paragraph 43 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  To the extent the allegations in Paragraph 43 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent the allegations in Paragraph 43 purport to summarize and/or describe the provisions of the federal False Claims Act, Defendants state that the federal False Claims Act statute and regulations speak for themselves, and no response is required, and to the extent that the allegations in

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

1   Paragraph 43 vary therefrom or with other applicable statutory or decisional law,
2   Defendants deny those allegations.  To the extent required, Defendants deny the
3   allegations in Paragraph 43.

4          44.    Paragraph 44 contains no allegations with respect to a particular
5   Defendant or claim, and therefore no response is required.  To the extent the
6   allegations in Paragraph 44 purport to summarize and/or describe the provisions of
7   the federal False Claims Act, Defendants state that the federal False Claims Act
8   statute and regulations speak for themselves, and no response is required, and to the
9   extent that the allegations in Paragraph 44 vary therefrom or with other applicable
10  statutory or decisional law, Defendants deny those allegations.  To the extent
11  required, Defendants deny the allegations in Paragraph 44.

12         45.    Paragraph 45 contains no allegations with respect to a particular
13  Defendant or claim, and therefore no response is required.  To the extent the
14  allegations in Paragraph 45 purport to summarize and/or describe the provisions of
15  the federal False Claims Act, Defendants state that the federal False Claims Act
16  statute and regulations speak for themselves, and no response is required, and to the
17  extent that the allegations in Paragraph 45 vary therefrom or with other applicable
18  statutory or decisional law, Defendants deny those allegations.  To the extent
19  required, Defendants deny the allegations in Paragraph 45.

20         46.    Paragraph 46 contains no allegations with respect to a particular
21  Defendant or claim, and therefore no response is required.  To the extent the
22  allegations in Paragraph 46 purport to summarize and/or describe the provisions of
23  the federal False Claims Act, Defendants state that the federal False Claims Act
24  statute and regulations speak for themselves, and no response is required, and to the
25  extent that the allegations in Paragraph 46 vary therefrom or with other applicable
26  statutory or decisional law, Defendants deny those allegations.  To the extent
27  required, Defendants deny the allegations in Paragraph 46.

28         47.    The allegations in the first sentence of Paragraph 47 state legal

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

15

conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 47.  To the extent the remaining allegations in Paragraph 47 purport to summarize and/or describe the provisions of the federal False Claims Act, Defendants state that the federal False Claims Act statute and regulations speak for themselves, and no response is required, and to the extent that the allegations in Paragraph 47 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.   To the extent required, Defendants deny the allegations in Paragraph 47.

### C.    The Instant Action

48.    The allegations in Paragraph 48 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 48.

49.    The allegations in Paragraph 49 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 49.

## II. PARTIES

### A.    Plaintiffs

50.    Ensign Services admits that Relator was employed as Contracts Manager at Ensign Services from November 2013 through June 5, 2014.  Ensign Services further admits that Relator served on its Compliance Committee at various points in time during the course of her employment.  Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence Paragraph 50 and on that basis deny said allegations.  Defendants otherwise deny the remaining allegations in Paragraph 50.

51.    Defendants admit the allegations in the first sentence of Paragraph 51. The allegations in Paragraph 51 state legal conclusions to which no response is required.  Additionally, Paragraph 51 refers to the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.  To the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

extent that the allegations in Paragraph 51 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants otherwise deny the remaining allegations in Paragraph 51.

**B.    Defendants**

52.    To the extent the allegations in Paragraph 52 relate to claims that have been dismissed, they are surplusage and should be stricken.  The Ensign Group admits that The Ensign Group, Inc. is a corporation formed under the laws of the State of Delaware, and that its principal place of business is located at 29222 Rancho Viejo Rd., San Juan Capistrano, CA 92675, in Orange County, California.  The Ensign Group admits that the Ensign Group's common stock is traded at Nasdaq.com as ENSG.  The Ensign Group admits that the Ensign Group is the holding company for certain independently operated affiliated facilities including over 140 SNFs in California and other parts of the Western and Southwestern United States.  Defendants admit that The Ensign Group entered into a 5-year CIA on October 1, 2013.  To the extent that the allegations in Paragraph 52 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Ensign Services is without sufficient knowledge or information to admit or deny the allegations in Paragraph 52 and on that basis denies said allegations.  The Ensign Group otherwise denies the remaining allegations in Paragraph 52.

53.    Ensign Services admits that Ensign Services, Inc. (erroneously sued as Ensign Facility Services, Inc.) is a corporation formed under the laws of the State of Delaware, that its principal place of business is located at 29222 Rancho Viejo Rd.,

San Juan Capistrano, CA 92675, in Orange County, California. Ensign Services admits that it provides certain back-office, administrative services to The Ensign Group and to certain of The Ensign Group's independently operated subsidiaries through contractual relationships with such subsidiaries. Ensign Services otherwise denies the remaining allegations in Paragraph 53. The Ensign Group is otherwise without sufficient knowledge or information to admit or deny the allegations in Paragraph 53 and on that basis denies said allegations.

54.   The allegations in the first sentence of Paragraph 54 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required. To the extent that the allegations in Paragraph 54 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required. Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate. Defendants specifically deny that they function as one essential business enterprise and otherwise deny the remaining allegations in Paragraph 54.

### C.   Defendants Operate As Alter Egos Of Each Other, As An Integrated Enterprise And As A Single Or Joint Employer.

55.   Defendants deny Heading II.C. The allegations in Paragraph 55 state legal conclusions to which no response is required. To the extent required, Defendants deny the allegations in Paragraph 55.

56.   The Ensign Group admits that it is a holding company with no direct operating assets, employees or revenues, with subsidiaries that provide skilled nursing, senior living and rehabilitative services, as well as other ancillary businesses (including mobile diagnostics and medical transportation). The Ensign Group further admits that it is a publicly traded company. To the extent the allegations in Paragraph 56 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required. Defendants

1    otherwise deny the allegations to the extent they vary from the written terms of the

2    document or documents, and deny that Relator's characterization of the document

3    or documents is accurate.   Defendants are without sufficient knowledge or

4    information to admit or deny the allegations in the last sentence of Paragraph 56

5    because there is no entity known as "Ensign," Defendants deny that Ensign Group

6    and Ensign Services are the same entity and deny that the Defendants and the

7    independently operated SNFs are one entity, and on that basis deny said allegations.

8    Defendants otherwise deny the remaining allegations in Paragraph 56.

9          57.    The Ensign Group admits that, as part of its investment strategy, it

10   acquires, leases and owns healthcare real estate.  The Ensign Group further admits

11   that certain independently operated SNFs are located on real estate owned by The

12   Ensign Group.  Defendants are without sufficient knowledge or information to admit

13   or deny the allegations in the third sentence of Paragraph 57 because there is no

14   entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services

15   are the same entity and deny that the Defendants and the independently operated

16   SNFs are one entity, and on that basis deny said allegations.  Defendants otherwise

17   deny the remaining allegations in Paragraph 57.

18         58.    Ensign Services admits that it had its primary place of business in

19   Mission Viejo, California, and now has its primary place of business in San Juan

20   Capistrano.  Defendants admit that The Ensign Group's business address is at the

21   same address and location as Ensign Services.  Defendants deny that there was any

22   entity known as "Ensign" and otherwise deny the remaining allegations in Paragraph

23   58.

24         59.    The Ensign Group admits that it is a holding company with no

25   employees.  Defendants are without sufficient knowledge or information to admit or

26   deny the allegations in the first sentence of Paragraph 59 because there is no entity

27   known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the

28   same entity and deny that the Defendants and the independently operated SNFs are

1   one entity, and on that basis deny said allegations.  Defendants specifically deny that
2   they, along with the independently operated SNFs operate and function as one
3   company and have no unique identity, and otherwise deny the remaining allegations
4   in Paragraph 59.

5       60.    Ensign Services admits that certain Ensign Services employees provide
6   training regarding various disciplines at the independently operated SNFs' request.
7   Ensign Services admits that it has certain online courses on an educational platform
8   that are available to the independently operated SNFs and further admits that it
9   provides compliance training to the employees of the independently operated SNFs.
10  Defendants specifically deny the existence of any "corporate policies" or the
11  existence of an "enterprise."  Defendants are otherwise without sufficient knowledge
12  or information to admit or deny the remaining allegations of Paragraph 60 because
13  there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign
14  Services are the same entity and deny that the Defendants and the independently
15  operated SNFs are one entity, and on that basis deny said allegations.

16      61.    Ensign Services admits that it orchestrates an annual meeting that is
17  typically attended by SNF Administrators, Directors of Nursing, and certain market
18  and Ensign Services employees.   Defendants are otherwise without sufficient
19  knowledge or information to admit or deny the remaining allegations of Paragraph
20  61 because there is no entity known as "Ensign," Defendants deny that Ensign Group
21  and Ensign Services are the same entity and deny that the Defendants and the
22  independently operated SNFs are one entity, and on that basis deny said allegations.

23      62.    Ensign   Services   admits   that   Facility   Administrators   at   the
24  independently operated SNFs are responsible to oversee and supervise the SNFs'
25  daily operations.  Defendants deny that they operate as part of a single enterprise.
26  Defendants are otherwise without sufficient knowledge or information to admit or
27  deny the remaining allegations in Paragraph 62 because there is no entity known as
28  "Ensign," Defendants deny that Ensign Group and Ensign Services are the same

1  entity and deny that the Defendants and the independently operated SNFs are one
2  entity, and on that basis deny said allegations.

3       63.     Ensign Services admits that certain independently operated SNFs are
4  organized into groups known as "clusters," which are largely geographical in nature.
5  Ensign Services otherwise denies the remaining allegations in Paragraph 63.  The
6  Ensign Group is without sufficient knowledge or information to admit or deny the
7  allegations in Paragraph 63 and on that basis denies said allegations.

8       64.     The Ensign Group denies the allegations in the last sentence of
9  Paragraph 64.    Defendants are otherwise without sufficient knowledge or
10 information to admit or deny the allegations in Paragraph 63 and on that basis deny
11 said allegations.

12      65.     Ensign Services admits that it provides certain independent consulting
13 services to the independently operated SNFs through the operation of an
14 Independent Consulting Services Agreement.  Ensign Services further admits that it
15 provides certain back office, administrative services to the independently operated
16 SNFs.  Defendants deny the allegations in the sixth sentence of Paragraph 65.
17 Defendants are without sufficient knowledge or information to admit or deny the
18 allegations in the second to last sentence of Paragraph 65 because there is no entity
19 known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the
20 same entity and deny that the Defendants and the independently operated SNFs are
21 one entity, and on that basis deny said allegations.  Ensign Services otherwise denies
22 the remaining allegations in Paragraph 65.  The Ensign Group is otherwise without
23 sufficient knowledge or information to admit or deny the remaining allegations in
24 Paragraph 65 and on that basis denies said allegations.

25      66.     Ensign Services admits that its compliance department audits the
26 independently operated SNFs and provides information and guidance to SNF
27 Administrators regarding compliance.  Defendants are without sufficient knowledge
28 or information to admit or deny the allegations in the last sentence of Paragraph 66

because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations. Ensign Services denies the remaining allegations in Paragraph 66. The Ensign Group is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 66 and on that basis denies said allegations.

67. The Ensign Group admits that it entered into a settlement agreement in 2013, which required payment of $48 million following a *qui tam* action pursuant to the False Claims Act filed against the Ensign Group. Ensign Services admits that it provides compliance training to employees of the independently operated SNFs. Ensign Services further admits that certain of its employees provide training regarding various disciplines at the independently operated SNFs' request. To the extent that the allegations in Paragraph 67 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required. Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate. Defendants otherwise deny the remaining allegations in Paragraph 67.

68. Ensign Services denies the allegations in the first sentence of Paragraph 68. The Ensign Group is without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 68 and on that basis denies said allegations. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 68 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

69. To the extent the allegations in Paragraph 69 state legal conclusions, no response is required. Defendants specifically deny that they disregarded any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

1   corporate formalities, and further deny that each of them and the independently

2   operated SNFs are one functioning business entity or enterprise.   Defendants

3   otherwise deny the remaining allegations of Paragraph 69.

4        70.   Defendants deny the allegations in the first sentence of Paragraph 70.

5   Defendants further deny Relator's implicit allegation that improving the treatment

6   of skilled nursing facility residents is inconsistent with generating additional profits.

7   Defendants deny the remaining allegations in Paragraph 70.

8        71.   Ensign Services admits that the independently operated SNFs set many

9   goals associated with clinical and operational performance, one of which is referred

10   to as a "BHAG."   Ensign Services admits that it facilitates a travel-related incentive

11   for certain members of management of the independently operated SNFs who meet

12   one or more of these goals.   Ensign Services specifically denies the existence of any

13   substantive formal review process for goals established by the independently

14   operated SNFs.   Defendants deny that either Defendant requires the independently

15   operated SNFs to set goals for Medicare census or other profit-related metrics.   The

16   Ensign Group denies the allegations in the last three sentences of Paragraph 71.   The

17   Ensign Group is otherwise without sufficient knowledge or information to admit or

18   deny the remaining allegations in Paragraph 71 and on that basis denies said

19   allegations.   Ensign Services otherwise denies the allegations in Paragraph 71.

20        72.   To the extent that the allegations in Paragraph 72 purport to describe a

21   document or documents, such documents speak for themselves and, as such, no

22   response is required.   Defendants otherwise deny the allegations to the extent they

23   vary from the written terms of the document or documents, and deny that Relator's

24   characterization of the document or documents is accurate.   Defendants specifically

25   deny that each of them and the independently operated SNFs operate as one

26   consolidated and fully integrated business enterprise and otherwise deny the

27   remaining allegations in Paragraph 72.

28        73.   Ensign Services admits that Curtis Reese was, at one time, Vice

1   President of Sales and Marketing for Ensign Services.  Ensign Services admits that
2   it provides certain services to the independently operated SNFs of The Ensign Group
3   through contractual relationships with such subsidiaries.  Ensign Services otherwise
4   denies the remaining allegations in Paragraph 73.  The Ensign Group is without
5   sufficient knowledge or information to admit or deny the remaining allegations in
6   Paragraph 73 and on that basis denies said allegations.

7        74.   Ensign Services states that it coordinates a "bootcamp" for
8   Administrators in Training and that training is provided by a combination of Ensign
9   Services employees, market resources, and certain SNF-based Administrators and
10   Directors of Nursing.  Ensign Services further admits that it has certain online
11   courses on an educational platform that are available to the independently operated
12   SNFs.  Defendants specifically deny that each of them and the independently
13   operated SNFs are one company.  Defendants are otherwise without sufficient
14   knowledge or information to admit or deny the remaining allegations of Paragraph
15   74 because there is no entity known as "Ensign," Defendants deny that Ensign Group
16   and Ensign Services are the same entity and deny that the Defendants and the
17   independently operated SNFs are one entity, and on that basis deny said allegations.

18        75.   Defendants specifically deny that they function as one and the same
19   entity and otherwise deny the allegations in Paragraph 75.

20        76.   The allegations in Paragraph 76 state legal conclusions to which no
21   response is required.  To the extent required, Defendants specifically deny that they
22   are alter egos of each other or any independently operated SNFs.  Ensign Services
23   specifically denies the allegations in the last sentence of Paragraph 76.  The Ensign
24   Group is without sufficient knowledge or information to admit or deny the
25   allegations in the last sentence in Paragraph 62 and on that basis denies said
26   allegations.  Defendants otherwise deny the remaining allegations in Paragraph 76.

27        77.   The allegations in Paragraph 77 state legal conclusions to which no
28   response is required.  To the extent required, Defendants deny the allegations in

Paragraph 77.

78.    The Ensign Group admits that it files financial statements with the Securities and Exchange Commission.  The allegations in the second and third sentences of Paragraph 78 state legal conclusions to which no response is required. To the extent required, Defendants specifically deny that each of the SNFs are mere instrumentalities or conduits of the Defendants, and deny that Ensign Group controlled Ensign Services and any subsidiary entities.  Defendants otherwise deny the remaining allegations in Paragraph 78.

79.    Defendants deny the allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80.

81.    To the extent that the allegations in Paragraph 81 purport to describe a document or documents, the contents speak for themselves.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 81 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

82.    The allegations in Paragraph 82 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 82.

83.    The allegations in Paragraph 83 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 83.

## III.  JURISDICTION AND VENUE

84.    Defendants admit that Relator purports to bring this action under 31 U.S.C. §§ 3729, 3730, 3732(b) and 1367.  Defendants deny that Relator has stated a

1   claim against Defendants or that discovery will yield evidentiary support for

2   Relator's allegations against Defendants.  The allegations in Paragraph 84 also state

3   legal conclusions to which no response is required.  To the extent required,

4   Defendants deny the allegations in Paragraph 84.

5       85.   The allegations in Paragraph 85 state legal conclusions to which no

6   response is required.  To the extent required, Defendants deny the allegations in

7   Paragraph 85.

8   **IV.  APPLICABLE FEDERAL AND STATE LAWS AND REGULATIONS**

9       **A.   Medicare and Medicaid**

10      86.   The allegations in Paragraph 86 purport to paraphrase, state, or interpret

11  law, regulations, or Medicare guidance, or constitutes legal arguments or legal

12  conclusions about the same, and as such, said laws, regulations, or Medicare

13  guidance speak for themselves and do not require an answer.  To the extent that the

14  allegations in Paragraph 86 vary therefrom or with other applicable statutory or

15  decisional law, Defendants deny those allegations.   To the extent required,

16  Defendants deny the allegations in Paragraph 86.

17      87.   The allegations in Paragraph 87 purport to paraphrase, state, or interpret

18  law, regulations, or Medicare guidance, or constitutes legal arguments or legal

19  conclusions about the same, and as such, said laws, regulations, or Medicare

20  guidance speak for themselves and do not require an answer.  To the extent that the

21  allegations in Paragraph 87 vary therefrom or with other applicable statutory or

22  decisional law, Defendants deny those allegations.   To the extent required,

23  Defendants deny the allegations in Paragraph 87.

24      88.   The allegations in Paragraph 88 purport to paraphrase, state, or interpret

25  law, regulations, or Medicare guidance, or constitutes legal arguments or legal

26  conclusions about the same, and as such, said laws, regulations, or Medicare

27  guidance speak for themselves and do not require an answer.  To the extent that the

28  allegations in Paragraph 88 vary therefrom or with other applicable statutory or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

1   decisional law, Defendants deny those allegations.   To the extent required,

2   Defendants deny the allegations in Paragraph 88.

3       89.   The allegations in Paragraph 89 purport to paraphrase, state, or interpret

4   law, regulations, or Medicare guidance, or constitutes legal arguments or legal

5   conclusions about the same, and as such, said laws, regulations, or Medicare

6   guidance speak for themselves and do not require an answer.  To the extent that the

7   allegations in Paragraph 89 vary therefrom or with other applicable statutory or

8   decisional law, Defendants deny those allegations.   To the extent required,

9   Defendants deny the allegations in Paragraph 89.

10      90.   The allegations in Paragraph 90 purport to paraphrase, state, or interpret

11  law, regulations, or Medicare guidance, or constitutes legal arguments or legal

12  conclusions about the same, and as such, said laws, regulations, or Medicare

13  guidance speak for themselves and do not require an answer.  To the extent that the

14  allegations in Paragraph 90 vary therefrom or with other applicable statutory or

15  decisional law, Defendants deny those allegations.   To the extent required,

16  Defendants deny the allegations in Paragraph 90.

17      91.   The allegations in Paragraph 91 purport to paraphrase, state, or interpret

18  law, regulations, or Medicare guidance, or constitutes legal arguments or legal

19  conclusions about the same, and as such, said laws, regulations, or Medicare

20  guidance speak for themselves and do not require an answer.  To the extent that the

21  allegations in Paragraph 91 vary therefrom or with other applicable statutory or

22  decisional law, Defendants deny those allegations.   To the extent required,

23  Defendants deny the allegations in Paragraph 91.

24      92.   The allegations in Paragraph 92 purport to paraphrase, state, or interpret

25  law, regulations, or Medicare guidance, or constitutes legal arguments or legal

26  conclusions about the same, and as such, said laws, regulations, or Medicare

27  guidance speak for themselves and do not require an answer.  To the extent that the

28  allegations in Paragraph 92 vary therefrom or with other applicable statutory or

1   decisional law, Defendants deny those allegations.   To the extent required,
2   Defendants deny the allegations in Paragraph 92.

3        93.   The allegations in Paragraph 93 purport to paraphrase, state, or interpret
4   law, regulations, or Medicare guidance, or constitutes legal arguments or legal
5   conclusions about the same, and as such, said laws, regulations, or Medicare
6   guidance speak for themselves and do not require an answer.  To the extent that the
7   allegations in Paragraph 93 vary therefrom or with other applicable statutory or
8   decisional law, Defendants deny those allegations.   To the extent required,
9   Defendants deny the allegations in Paragraph 93.

10       94.   The allegations in Paragraph 94 purport to paraphrase, state, or interpret
11  law, regulations, or Medicare guidance, or constitutes legal arguments or legal
12  conclusions about the same, and as such, said laws, regulations, or Medicare
13  guidance speak for themselves and do not require an answer.  To the extent that the
14  allegations in Paragraph 94 vary therefrom or with other applicable statutory or
15  decisional law, Defendants deny those allegations.   To the extent required,
16  Defendants deny the allegations in Paragraph 94.

17       95.   The allegations in Paragraph 95 purport to paraphrase, state, or interpret
18  law, regulations, or Medicare guidance, or constitutes legal arguments or legal
19  conclusions about the same, and as such, said laws, regulations, or Medicare
20  guidance speak for themselves and do not require an answer.  To the extent that the
21  allegations in Paragraph 95 vary therefrom or with other applicable statutory or
22  decisional law, Defendants deny those allegations.   To the extent required,
23  Defendants deny the allegations in Paragraph 95.

24       96.   The allegations in Paragraph 96 purport to paraphrase, state, or interpret
25  law, regulations, or Medicare guidance, or constitutes legal arguments or legal
26  conclusions about the same, and as such, said laws, regulations, or Medicare
27  guidance speak for themselves and do not require an answer.  To the extent that the
28  allegations in Paragraph 96 vary therefrom or with other applicable statutory or

decisional law, Defendants deny those allegations.   To the extent required, Defendants deny the allegations in Paragraph 96.

97.   The allegations in the first sentence of Paragraph 97 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in the first sentence of Paragraph 97.   The remaining allegations in Paragraph 97 purport to paraphrase, state, or interpret law, regulations, or Medicaid guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or Medicaid guidance speak for themselves and do not require an answer.   To the extent that the allegations in Paragraph 97 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.   To the extent required, Defendants deny the allegations in Paragraph 97.

98.   The allegations in Paragraph 98 purport to paraphrase, state, or interpret law, regulations, or Medicaid guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or Medicaid guidance speak for themselves and do not require an answer.   To the extent that the allegations in Paragraph 98 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.   To the extent required, Defendants deny the allegations in Paragraph 98.

99.   The allegations in Paragraph 99 purport to paraphrase, state, or interpret law, regulations, or Medicaid guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or Medicaid guidance speak for themselves and do not require an answer.   To the extent that the allegations in Paragraph 99 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.   To the extent required, Defendants deny the allegations in Paragraph 99.

100.   Defendants deny the allegations in Paragraph 100.

101.   Defendants deny the allegations in Paragraph 101.

102. The allegations in Paragraph 102 state legal conclusions to which no response is required. To the extent required, Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 102 and on that basis deny said allegations.

**B. Other Federal and State-Funded Health Care Programs**

103. The allegations in Paragraph 103 purport to paraphrase, state, or interpret law or regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 103 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations. To the extent required, Defendants deny the allegations in Paragraph 103.

104. The allegations in Paragraph 104 purport to paraphrase, state, or interpret law or regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 104 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations. To the extent required, Defendants deny the allegations in Paragraph 104.

105. The allegations in Paragraph 105 purport to paraphrase, state, or interpret law or regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 105 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations. To the extent required, Defendants deny the allegations in Paragraph 105.

106. The allegations in Paragraph 106 purport to paraphrase, state, or interpret law or regulations, government agency guidance, or constitutes legal

arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 106 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 106.

107.   The allegations in Paragraph 107 purport to paraphrase, state, or interpret law or regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 107 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 107.

108.   The allegations in Paragraph 108 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 108.

109.   The allegations in Paragraph 109 purport to paraphrase, state, or interpret law or regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 109 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 109.

110.   The allegations in Paragraph 110 purport to paraphrase, state, or interpret law or regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 110 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.   The

allegations in the last sentence of Paragraph 110 also state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 110.

### C.   Federal and California False Claims Acts

111.   To the extent the allegations in Paragraph 111 relate to claims that have been dismissed, they are surplusage and should be stricken.  The allegations in Paragraph 111 purport to paraphrase, state, or interpret law, regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer.  To the extent that the allegations in Paragraph 111 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 111.

112.   The allegations in Paragraph 112 purport to paraphrase, state, or interpret law, regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer.  To the extent that the allegations in Paragraph 112 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 112.

113.   To the extent the allegations in Paragraph 113 relate to claims that have been dismissed, they are surplusage and should be stricken.  The allegations in Paragraph 113 purport to paraphrase, state, or interpret law, regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer.  To the extent that the allegations in Paragraph 113 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the

allegations in Paragraph 113.

114.   The allegations in Paragraph 114 purport to paraphrase, state, or interpret law, regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 114 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 114.

115.   The allegations in the first sentence of Paragraph 115 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required.   The allegations in Paragraph 115 also state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 115.

### D.   The Federal and California Anti-Kickback Statutes

116.   The allegations in Paragraph 116 purport to paraphrase, state, or interpret law, regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 116 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 116.

117.   The allegations in Paragraph 117 purport to paraphrase, state, or interpret law, regulations, government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 117 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 117.

118.   The allegations in Paragraph 118 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 118 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 118.

119.   The allegations in Paragraph 119 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 119 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent that the allegations in Paragraph 119 purport to describe a document or documents, the contents speak for themselves.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  To the extent required, Defendants deny the allegations in Paragraph 119.

120.   The allegations in Paragraph 120 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 120 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 120.

121.   The allegations in Paragraph 121 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal

1    arguments or legal conclusions about the same, and as such, said laws, regulations,

2    or government agency guidance speak for themselves and do not require an answer.

3    To the extent that the allegations in Paragraph 121 vary therefrom or with other

4    applicable statutory or decisional law, Defendants deny those allegations.  To the

5    extent required, Defendants deny the allegations in Paragraph 121.

6        122.  The allegations in Paragraph 122 purport to paraphrase, state, or

7    interpret law, regulations, or government agency guidance, or constitutes legal

8    arguments or legal conclusions about the same, and as such, said laws, regulations,

9    or government agency guidance speak for themselves and do not require an answer.

10   To the extent that the allegations in Paragraph 122 vary therefrom or with other

11   applicable statutory or decisional law, Defendants deny those allegations.  To the

12   extent required, Defendants deny the allegations in Paragraph 122.

13       123.  The allegations in Paragraph 123 purport to paraphrase, state, or

14   interpret law, regulations, or government agency guidance, or constitutes legal

15   arguments or legal conclusions about the same, and as such, said laws, regulations,

16   or government agency guidance speak for themselves and do not require an answer.

17   To the extent that the allegations in Paragraph 123 vary therefrom or with other

18   applicable statutory or decisional law, Defendants deny those allegations.  To the

19   extent required, Defendants deny the allegations in Paragraph 123.

20       124.  The allegations contained in Paragraph 124 purport to paraphrase, state,

21   or interpret law or regulations, or constitute legal arguments or legal conclusions

22   about the same, and as such, said laws or regulations speak for themselves and do

23   not require an answer.  To the extent that the allegations in Paragraph 124 vary

24   therefrom or with other applicable statutory or decisional law, Defendants deny

25   those allegations.   To the extent required, Defendants deny the allegations in

26   Paragraph 124.

27   **E.    The Stark Statute**

28       125.  The allegations in Paragraph 125 purport to paraphrase, state, or

1  interpret law, regulations, or government agency guidance, or constitutes legal

2  arguments or legal conclusions about the same, and as such, said laws, regulations,

3  or government agency guidance speak for themselves and do not require an answer.

4  To the extent that the allegations in Paragraph 125 vary therefrom or with other

5  applicable statutory or decisional law, Defendants deny those allegations.  To the

6  extent required, Defendants deny the allegations in Paragraph 125.

7         126.  The allegations in Paragraph 126 purport to paraphrase, state, or

8  interpret law, regulations, or government agency guidance, or constitutes legal

9  arguments or legal conclusions about the same, and as such, said laws, regulations,

10  or government agency guidance speak for themselves and do not require an answer.

11  To the extent that the allegations in Paragraph 126 vary therefrom or with other

12  applicable statutory or decisional law, Defendants deny those allegations.  To the

13  extent required, Defendants deny the allegations in Paragraph 126.

14         127.  The allegations in Paragraph 127 purport to paraphrase, state, or

15  interpret law, regulations, or government agency guidance, or constitutes legal

16  arguments or legal conclusions about the same, and as such, said laws, regulations,

17  or government agency guidance speak for themselves and do not require an answer.

18  To the extent that the allegations in Paragraph 127 vary therefrom or with other

19  applicable statutory or decisional law, Defendants deny those allegations.  To the

20  extent required, Defendants deny the allegations in Paragraph 127.

21         128.  The allegations in Paragraph 128 purport to paraphrase, state, or

22  interpret law, regulations, or government agency guidance, or constitutes legal

23  arguments or legal conclusions about the same, and as such, said laws, regulations,

24  or government agency guidance speak for themselves and do not require an answer.

25  To the extent that the allegations in Paragraph 128 vary therefrom or with other

26  applicable statutory or decisional law, Defendants deny those allegations.  To the

27  extent required, Defendants deny the allegations in Paragraph 128.

28         129.  The allegations in Paragraph 129 purport to paraphrase, state, or

interpret law, regulations, or government agency  guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency  guidance speak for themselves and do not require an answer. To the extent required, Defendants deny the allegations in Paragraph 129.  To the extent that the allegations in Paragraph 129 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.

130.  The allegations in Paragraph 130 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or guidance speak for themselves and do not require an answer.  To the extent that the allegations in Paragraph 130 vary therefrom or with other applicable statutory or decisional  law,  Defendants  deny  those  allegations.    To  the  extent  required, Defendants deny the allegations in Paragraph 130.

131.  The allegations in Paragraph 131 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 131 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 131.

132.  The allegations in Paragraph 132 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 132 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.  To the extent required, Defendants deny the allegations in Paragraph 132.

133.  The allegations in Paragraph 133 purport to paraphrase, state, or

interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 133 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations. The allegations in Paragraph 133 also state legal conclusions to which no response is required. To the extent required, Defendants deny the allegations in Paragraph 133.

134. The allegations in Paragraph 134 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer. To the extent that the allegations in Paragraph 134 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations. To the extent required, Defendants deny the allegations in Paragraph 134.

V.   **FACTS AND ALLEGATIONS**

A.   **Summary of Ensign's Unlawful Conduct and Relator's Role**

135. Defendants deny Heading V.A. The allegations in Paragraph 135 describe the Second Amended Complaint, a legal document, which speaks for itself and to which no response is required. To the extent required, Defendants deny the allegations in Paragraph 135.

136. Ensign Services admits that Relator served on its Compliance Committee at various points in time during the course of her employment. To the extent that the allegations in Paragraph 136 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required. Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate. Defendants are otherwise without sufficient knowledge or information to admit or deny the

1  remaining allegations in of Paragraph 136 because there is no entity known as
2  "Ensign," Defendants deny that Ensign Group and Ensign Services are the same
3  entity and deny that the Defendants and the independently operated SNFs are one
4  entity, and on that basis deny said allegations.

5     137.   Defendants deny that there was any entity known as "Ensign" and
6  otherwise deny the allegations in Paragraph 137.

7  **B.   Ensign's Scheme to Pay Illegal Compensation to Physicians to
8        Induce Referrals to Ensign SNFs**

9     138.   Defendants deny Heading V.B.  Defendants deny that there was any
10 entity known as "Ensign."   Defendants are without sufficient knowledge or
11 information to admit or deny the allegations in Paragraph 138 and on that basis, deny
12 said allegations.

13    139.   Ensign Services admits that Relator was employed by it beginning in
14 November 2013 as Contracts Manager, and that she had partial responsibility for
15 reviewing certain contracts entered into by the independently operated SNFs.  The
16 Ensign Group admits that in November 2013, over approximately 140 SNFs in
17 California and several other states were affiliated with it.  Ensign Services otherwise
18 denies the remaining allegations in Paragraph 139.  The Ensign Group is without
19 sufficient knowledge or information to admit or deny the remaining allegations in
20 Paragraph 139 and on that basis denies said allegations.

21    140.   Ensign Services admits that its Human Resources manual applied to all
22 Ensign Services employees, and further admits that Ensign Services employees were
23 trained on compliance policies.   Defendants are otherwise without sufficient
24 knowledge or information to admit or deny the remaining allegations in Paragraph
25 140 and on that basis deny said allegations.

26    141.   Ensign Services admits that the independently operated SNFs selected
27 physicians or consultants to serve as facility Medical Directors, and negotiated
28 applicable compensation rates with those physicians or consultants.  Defendants

deny the allegations in the first sentence of Paragraph 141. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 141 and on that basis deny said allegations.

142. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 142, and on that basis deny said allegations.

143. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 143 and on that basis, deny said allegations.

144. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 144 and on that basis deny said allegations.

145. Ensign Services admits that its employees were not authorized to sign contracts to which Ensign Services was not a party. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 145 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

146. Ensign Services admits that the independently operated SNFs negotiated applicable compensation rates with the physicians and consultants. Ensign Services denies the allegations in the last sentence of Paragraph 146. Defendants deny that there was any entity known as "Ensign." Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 146 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

147. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 147 and on that basis deny said allegations.

148.   The Ensign Group admits that in or about 2013, it had 140 independently operated SNFs affiliated with it.  The Ensign Group further admits that additional California facilities became affiliated with it in late 2014 to early 2015.  Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 148 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.  Ensign Services is without knowledge or information to admit or deny the remaining allegations in Paragraph 148 and on that basis deny said allegations.   The Ensign Group otherwise denies the remaining allegations in Paragraph 148.

149.   Ensign Services admits that the administration of a SNF generally consists of a Facility Administrator, Director of Nursing, and other Department heads.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 149 there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

150.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 150 there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.  Defendants otherwise deny the allegations in Paragraph 150.

151.   Defendants deny the allegations in Paragraph 151.

152.   Ensign Services admits that Contracts Logix was the contracts management system that it used for a period of time to create, edit, and store certain contracts.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 152 and on that basis deny said

allegations.

153.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 153 and on that basis deny said allegations.

154.   The allegations in the last sentence of Paragraph 154 state legal conclusions to which no response is required.   To the extent required, Ensign Services denies said allegations, and further denies the remaining allegations in Paragraph 154.   To the extent required, The Ensign Group is without sufficient knowledge or information to admit or deny the allegations in Paragraph 154 and on that basis denies said allegations.

155.   Defendants are without sufficient knowledge or information to admit or deny the allegations in the first and second sentences of Paragraph 155 and on that basis deny said allegations. The allegations in the last sentence of Paragraph 155 state legal conclusions to which no response is required.   To the extent required, Defendants are without sufficient knowledge or information to admit or deny the allegations in the last sentence of Paragraph 155 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

156.   Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 156 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.   Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 156 and on that basis deny said allegations.

157.   The allegations in Paragraph 157 purport to paraphrase, state, or interpret law or regulations, or constitute legal arguments or legal conclusions about the same, and as such, said laws or regulations speak for themselves and do not

require an answer.  Defendants are without sufficient knowledge or information to admit or deny the allegations in the last two sentences of Paragraph 157 and on that basis deny said allegations.  Defendants deny that there was any entity known as "Ensign" and otherwise deny the remaining allegations in Paragraph 157.

### 1. Ensign Paid More than Fair Market Value for Physician "Medical Director" and "Consulting" Services.

158.  Defendants deny Heading V.5.1.  Ensign Services admits that the SNFs reasonably compensated physicians to act as facility Medical Directors or consultants.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 158 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

159.  Defendants deny the allegations in Paragraph 159.

160.  Defendants are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 160 and on that basis deny said allegations. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 160 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

161.  The allegations in Paragraph 161 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  The allegations in the last sentence of Paragraph 161 also state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in the last sentence

1   of Paragraph 161.   Defendants are otherwise without sufficient knowledge or

2   information to admit or deny the remaining allegations in Paragraph 161 because

3   there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign

4   Services are the same entity and deny that the Defendants and the independently

5   operated SNFs are one entity, and on that basis deny said allegations.

6         162.   The allegations in the last sentence of Paragraph 162 state legal

7   conclusions to which no response is required.   Defendants are otherwise without

8   sufficient knowledge or information to admit or deny the remaining allegations in

9   Paragraph 162 and on that basis deny said allegations.

10        163.   The allegations in Paragraph 163 purport to describe a document or

11  documents, such documents speak for themselves and, as such, no response is

12  required. Defendants otherwise deny the allegations to the extent they vary from the

13  written terms of the document or documents, and deny that Relator's

14  characterization of the document or documents is accurate.   To the extent required,

15  Defendants are otherwise without sufficient knowledge or information to admit or

16  deny the allegations in Paragraph 163 because there is no entity known as "Ensign,"

17  Defendants deny that Ensign Group and Ensign Services are the same entity and

18  deny that the Defendants and the independently operated SNFs are one entity, and

19  on that basis deny said allegations.

20        164.   The allegations in Paragraph 164 purport to describe a document or

21  documents, such documents speak for themselves and, as such, no response is

22  required. Defendants otherwise deny the allegations to the extent they vary from the

23  written terms of the document or documents, and deny that Relator's

24  characterization of the document or documents is accurate.   To the extent required,

25  Defendants are otherwise without sufficient knowledge or information to admit or

26  deny the allegations in Paragraph 164 because there is no entity known as "Ensign,"

27  Defendants deny that Ensign Group and Ensign Services are the same entity and

28  deny that the Defendants and the independently operated SNFs are one entity, and

1  on that basis deny said allegations.

2  165.  The allegations in Paragraph 165 purport to describe a document or
3  documents, such documents speak for themselves and, as such, no response is
4  required.  Defendants otherwise deny the allegations to the extent they vary from the
5  written terms of the document or documents, and deny that Relator's
6  characterization of the document or documents is accurate.  To the extent required,
7  Defendants are otherwise without sufficient knowledge or information to admit or
8  deny the allegations in Paragraph 165 because there is no entity known as "Ensign,"
9  Defendants deny that Ensign Group and Ensign Services are the same entity and
10  deny that the Defendants and the independently operated SNFs are one entity, and
11  on that basis deny said allegations.

12  166.  The allegations in Paragraph 166 purport to describe a document or
13  documents, such documents speak for themselves and, as such, no response is
14  required.  Defendants otherwise deny the allegations to the extent they vary from the
15  written terms of the document or documents, and deny that Relator's
16  characterization of the document or documents is accurate.  To the extent required,
17  Defendants are otherwise without sufficient knowledge or information to admit or
18  deny the allegations in Paragraph 166 because there is no entity known as "Ensign,"
19  Defendants deny that Ensign Group and Ensign Services are the same entity and
20  deny that the Defendants and the independently operated SNFs are one entity, and
21  on that basis deny said allegations.

22  167.  Defendants are without sufficient knowledge or information to admit
23  or deny the allegations in Paragraph 167 because there is no entity known as
24  "Ensign," Defendants deny that Ensign Group and Ensign Services are the same
25  entity and deny that the Defendants and the independently operated SNFs are one
26  entity, and on that basis deny said allegations.

27  168.  Defendants are without sufficient knowledge or information to admit
28  or deny the allegations in Paragraph 168 because there is no entity known as

"Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

169.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 169 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

> **2.   Ensign Hired "Medical Directors" and other "Consultants" to Perform Services without Establishing What Those Services Were or Whether They Were Necessary.**

170.   Defendants deny Heading V.B.2.  The allegations in Paragraph 170 purport to paraphrase, state, or interpret law, regulations, or government agency guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or government agency guidance speak for themselves and do not require an answer.  To the extent that the allegations in Paragraph 170 vary therefrom or with other applicable statutory or decisional law, Defendants deny those allegations.   To the extent required, Defendants deny the allegations in Paragraph 170.

171.   Defendants are without sufficient knowledge or information to admit or deny the allegations in the last sentence of Paragraph 171 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 171 and on that basis deny said allegations.

172.   The allegations in Paragraph 172 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the

1   written terms of the document or documents, and deny that Relator's
2   characterization of the document or documents is accurate.  To the extent required,
3   Defendants are otherwise without sufficient knowledge or information to admit or
4   deny the remaining allegations in Paragraph 172 and on that basis deny said
5   allegations.

6       173.   Ensign Services denies the allegations in Paragraph 173.  The Ensign
7   Group is without sufficient knowledge or information to admit or deny the remaining
8   allegations in Paragraph 173 and on that basis denies said allegations.

9       174.   The allegations in Paragraph 174 state legal conclusions to which no
10   response is required.  The allegations in Paragraph 174 also purport to paraphrase,
11   state, or interpret law, regulations, or government agency guidance, or constitutes
12   legal arguments or legal conclusions about the same, and as such, said laws,
13   regulations, or government agency guidance speak for themselves and do not require
14   an answer.  To the extent that the allegations in Paragraph 174 vary therefrom or
15   with other applicable statutory or decisional law, Defendants deny those allegations.
16   To the extent required, Defendants deny the allegations in Paragraph 174.

17       175.   The allegations in the first sentence of Paragraph 175 purport to
18   paraphrase, state, or interpret law, regulations, or government agency guidance, or
19   constitutes legal arguments or legal conclusions about the same, and as such, said
20   laws, regulations, or government agency guidance speak for themselves and do not
21   require an answer.  To the extent that the allegations in the first sentence of
22   Paragraph 175 vary therefrom or with other applicable statutory or decisional law,
23   Defendants deny those allegations.  Defendants are without sufficient knowledge or
24   information to admit or deny the remaining allegations in Paragraph 175 because
25   there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign
26   Services are the same entity and deny that the Defendants and the independently
27   operated SNFs are one entity, and on that basis deny said allegations.  To the extent
28   required, Defendants deny the allegations in Paragraph 175.

3.     **Ensign Paid Medical Directors and Consultants for Services Without Evidence that the Services Were Actually Performed.**

176.   Defendants deny Heading V.B.3.  Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 176 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 176 and on that basis deny said allegations.

177.   Defendants deny the allegations in the first sentence of Paragraph 177. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 177 and on that basis deny said allegations.

178.   The allegations in Paragraph 178 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 178.

4.     **Ensign Engaged in This Misconduct (and Failed to Report it) Despite its Obligations under the October 2013 CIA with HHS-OIG.**

179.   Defendants deny Heading V.B.4.  To the extent the allegations in Paragraph 179 relate to claims that have been dismissed, they are surplusage and should be stricken.  Ensign Services admits that Relator participated in Ensign Services' Compliance Committee meetings at various points in time during the course of her employment.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 179 and on that basis deny said allegations.

180.   To the extent the allegations in Paragraph 180 relate to claims that have been dismissed, they are surplusage and should be stricken.  Defendants admit that Deborah M. Miller was The Ensign Group's Chief Compliance Officer and that the

1   Compliance Workplan was created by or under her direction in connection with the

2   2013 CIA.   Defendants further admit that Ms. Miller reported to Christopher

3   Christensen, with a direct reporting line to the Board of Directors for the Ensign

4   Group as well.  Defendants also admit that Ms. Miller was not subordinate to Ensign

5   Group's General Counsel.  Defendants deny that there was any entity known as

6   "Ensign" and otherwise deny the remaining allegations in Paragraph 180.

7   181.   To the extent the allegations in Paragraph 181 relate to claims that have

8   been dismissed, they are surplusage and should be stricken.   The allegations in

9   Paragraph 181 purport to describe a document or documents, such documents speak

10  for themselves and, as such, no response is required.  Defendants otherwise deny the

11  allegations to the extent they vary from the written terms of the document or

12  documents, and deny that Relator's characterization of the document or documents

13  is accurate.  Ensign Services otherwise denies the remaining allegations in Paragraph

14  181.  The Ensign Group is without sufficient knowledge or information to admit or

15  deny the remaining allegations in Paragraph 181 and on that basis denies said

16  allegations.

17  182.   To the extent the allegations in Paragraph 182 relate to claims that have

18  been dismissed, they are surplusage and should be stricken.   Defendants deny they

19  were involved in any "problematic" conduct at any time and further deny that there

20  was any entity known as "Ensign."  Defendants are without sufficient knowledge or

21  information to admit or deny the remaining allegations in Paragraph 182 and, on this

22  basis, deny said allegations.

23
24      **5.      Chronology of Relator's Experience With Problematic Physician
              Payment Arrangements at Ensign**

25  183.   Defendants deny Heading V.B.5.  Ensign Services admits that Relator

26  started working at Ensign Services in November 2013.   Defendants are without

27  sufficient knowledge or information to admit or deny the remaining allegations in

28  Paragraph 183 and on that basis deny said allegations.

184.   To the extent the allegations in Paragraph 184 relate to claims that have been dismissed, they are surplusage and should be stricken.  Defendants admit that Ensign Group signed the CIA in October 2013 and entered into a settlement with the DOJ.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 184 and on that basis deny said allegations.

185.   Defendants deny that there was any entity known as "Ensign" and otherwise deny the allegations in Paragraph 185.

186.   Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 186 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity,  and on that basis deny said allegations.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 186, and on that basis denies said allegations.

187.   To the extent the allegations in Paragraph 187 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Ensign Services denies that no guidelines on contracts existed.  Defendants deny that there was any entity known as "Ensign" and are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 187 and on that basis deny said allegations.[2]

188.   Ensign Services admits that Relator was a Contracts Manager for Ensign Services and further admits that her role was not limited to Medical Director

---

[2] To the extent that the allegations in footnote 2 purport to describe a document or documents, the contents speak for themselves. Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

Agreements.   Ensign Services otherwise denies the remaining allegations in Paragraph 188.  The Ensign Group is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 188 and on that basis deny said allegations.

189.   Defendants deny that there was any entity known as "Ensign."  Ensign Services denies the allegations in Paragraph 189.  The Ensign Group is without sufficient knowledge or information to admit or deny the allegations in Paragraph 189 and on that basis, deny said allegations.

190.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 190 and on that basis deny said allegations.

191.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 191 and on that basis, deny said allegations.

192.   Ensign Services admits that Matt Combe was, at one time, the Administrator for Lemon Grove Rehabilitation Center.  To the extent the allegations in Paragraph 192 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Ensign Services denies the allegations in the second to last sentence of Paragraph 192.  To the extent required, Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 192 and, on this basis, deny said allegations.

193.   To the extent the allegations in Paragraph 193 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Ensign Services denies the remaining allegations in Paragraph 193.  The Ensign Group is without sufficient

1  knowledge or information to admit or deny the remaining allegations in Paragraph

2  193 and on that basis denies said allegations.

3  194.   Ensign Services admits that it held AIT bootcamps.  To the extent the

4  allegations in Paragraph 194 purport to describe a document or documents, such

5  documents speak for themselves and, as such, no response is required. Defendants

6  otherwise deny the allegations to the extent they vary from the written terms of the

7  document or documents, and deny that Relator's characterization of the document

8  or documents is accurate.  Defendants deny that there was any entity known as

9  "Ensign."  Defendants are without sufficient knowledge or information to admit or

10  deny the remaining allegations in Paragraph 194 and on that basis, deny said

11  allegations.

12  195.   Ensign Services admits a meeting took place in Ms. Wittekind's office

13  on or about April 23, 2014 between Ms. Wittekind and Relator. However,

14  Defendants note that Relator was employed in the Contracts Department and had

15  access to privileged materials.  To the extent that Relator's allegations in Paragraph

16  195 rely, implicitly or otherwise, on privileged communications with Ms. Wittekind

17  or any other member of the legal department, or any other privileged material Relator

18  had access to by virtue of her position at Ensign Services, Defendants state that

19  Relator is barred from violating privilege and improperly relying on privileged

20  communications and on that basis neither admit nor deny allegations relating to those

21  conversations or materials.  To the extent the allegations in Paragraph 195 purport

22  to describe a document or documents, such documents speak for themselves and, as

23  such, no response is required.  Defendants otherwise deny the allegations to the

24  extent they vary from the written terms of the document or documents, and deny that

25  Relator's characterization of the document or documents is accurate.  Defendants

26  deny there was any entity known as "Ensign."  Defendants are otherwise without

27  sufficient knowledge or information to admit or deny the remaining allegations in

28  Paragraph 195 and on that basis deny said allegations.

196.   To the extent the allegations in Paragraph 196 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Ensign Services admits that on or about April 23, 2014, Ensign Services did not mandate hourly rate payments for Medical Directors.   Ensign Services admits that Ms. Wittekind discussed her understanding of certain business terms in place at the time, including that hourly rates were routinely used as a metric for Medical Director payments prior to Relator's hiring at Ensign Services.  However, Defendants note that Relator was employed in the Contracts Department and had access to privileged materials.  To the extent that Relator's allegations in Paragraph 196 rely, implicitly or otherwise, on privileged communications with Ms. Wittekind or any other member of the legal department, or any other privileged material Relator had access to by virtue of her position at Ensign Services, Defendants state that Relator is barred from violating privilege and improperly relying on privileged communications and on that basis neither admit nor deny allegations relating to those conversations or materials. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 196 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis denies said allegations.

197.   Ensign Services admits that Ms. Wittekind and Relator discussed certain business terms in place at the time.  However, Defendants note that Relator was employed in the Contracts Department and had access to privileged materials. To the extent that Relator's allegations in this Paragraph rely, implicitly or otherwise, on privileged communications with Ms. Wittekind or any other member of the legal department, or any other privileged material Relator had access to by

1   virtue of her position at Ensign Services, Defendants state that Relator is barred from

2   violating privilege and improperly relying on privileged communications and on that

3   basis neither admit nor deny allegations relating to those conversations or materials.

4   To the extent the allegations in Paragraph 197 purport to describe a document or

5   documents, such documents speak for themselves and, as such, no response is

6   required.  Defendants otherwise deny the allegations to the extent they vary from the

7   written terms of the document or documents, and deny that Relator's

8   characterization of the document or documents is accurate.   Ensign Services

9   otherwise denies the remaining allegations in Paragraph 197.  The Ensign Group is

10  without sufficient knowledge or information to admit or deny the remaining

11  allegations in Paragraph 197 and on that basis denies said allegations.

12      198.   Ensign Services admit that Mr. Port travelled to the SNFs and knew

13  many of the SNF Facility Administrators.  Ensign Services denies the remaining

14  allegations as to Mr. Port and Ms. Wittekind in Paragraph 198.  Defendants are

15  otherwise without sufficient knowledge or information to admit or deny the

16  remaining allegations in Paragraph 198 and on that basis denies said allegations.

17      199.   Ensign Services denies the allegations in Paragraph 199.  The Ensign

18  Group is without sufficient knowledge or information to admit or deny the

19  allegations in Paragraph 199 and on that basis denies said allegations.

20      200.   Ensign Services denies the allegations in Paragraph 200.  The Ensign

21  Group is without sufficient knowledge or information to admit or deny the

22  allegations in Paragraph 200 and on that basis denies said allegations.

23      201.   To the extent the allegations in Paragraph 201 purport to describe a

24  document or documents, such documents speak for themselves and, as such, no

25  response is required.  Defendants otherwise deny the allegations to the extent they

26  vary from the written terms of the document or documents, and deny that Relator's

27  characterization of the document or documents is accurate.    Defendants are

28  otherwise without sufficient knowledge or information to admit or deny the

1  allegations in Paragraph 201 and on that basis deny said allegations.

2      202.   To the extent the allegations in Paragraph 202 purport to describe a

3  document or documents, such documents speak for themselves and, as such, no

4  response is required.  Defendants otherwise deny the allegations to the extent they

5  vary from the written terms of the document or documents, and deny that Relator's

6  characterization of the document or documents is accurate.   Defendants are

7  otherwise without sufficient knowledge or information to admit or deny the

8  allegations in Paragraph 202 and on that basis deny said allegations.

9      203.   To the extent the allegations in Paragraph 203 purport to describe a

10  document or documents, such documents speak for themselves and, as such, no

11  response is required.  Defendants otherwise deny the allegations to the extent they

12  vary from the written terms of the document or documents, and deny that Relator's

13  characterization of the document or documents is accurate.   Defendants are

14  otherwise without sufficient knowledge or information to admit or deny the

15  allegations in Paragraph 203 and on that basis deny said allegations.

16      204.   Defendants are without sufficient knowledge or information to admit

17  or deny the allegations in Paragraph 204 and on that basis, deny said allegations.

18      205.   The Ensign Group admits that Premier Care SNF was owned at one

19  time by Ensign Palm I LLC, which was owned by Touchstone Care, Inc.  The Ensign

20  Group admits that Chad Keetch was its Deputy General Counsel.   However,

21  Defendants note that Relator was employed in the Contracts Department and had

22  access to privileged materials.  To the extent that Relator's allegations in Paragraph

23  205 rely, implicitly or otherwise, on privileged communications with Mr. Keetch or

24  any other member of the legal department, or any other privileged material Relator

25  had access to by virtue of her position at Ensign Services, Defendants state that

26  Relator is barred from violating privilege and improperly relying on privileged

27  communications and on that basis neither admit nor deny allegations relating to those

28  conversations or materials.  To the extent the allegations in Paragraph 205 purport

to describe a document or documents, such documents speak for themselves and, as such, no response is required. Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 205 and on that basis deny said allegations.

206. To the extent the allegations in Paragraph 206 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required. Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 206 and on that basis deny said allegations.

207. Ensign Group admits Brett Arnold worked in its Accounting Department from September 15, 2014 through June 24, 2015. To the extent the allegations in Paragraph 207 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required. Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 207 and on that basis deny said allegations.

208. Ensign Services admits that Clay Gardner, Matthew Rutter, and Glenn Matthews were Facility Administrators at Vista Knoll Specialized Care, The Springs at Pacific Regent, and Carmel Mountain, respectively, on or around September 22, 2014. Ensign Services admits that it facilitates a travel-related incentive for certain members of management of the independently operated SNFs who meet one or more goals set by the independently operated SNFs associated with clinical and

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

operational performance.  Ensign Services admits Arroyo Vista, Carmel Mountain Rehabilitation, Lemon Grove Rehabilitation Center, The Springs, Vista Knoll, and Palomar Vista Healthcare Center were part of the San Diego cluster on or about September 22, 2014.  Defendants are otherwise without sufficient knowledge or information to admit or deny the allegations in Paragraph 208 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

209.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 209 and on that basis deny said allegations.[3]

210.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 210 and on that basis deny said allegations.

211.   To the extent the allegations in Paragraph 211 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.   Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 211 and on that basis deny said allegations.

212.   Ensign Services admits that Brian Squires was at one time Director of Marketing for Sea Cliff Health Care.  To the extent the allegations in Paragraph 212 purport to describe a document or documents, such documents speak for themselves

---

[3] The Ensign Group admits that the following SNFs were acquired in or about 2014: Mission Trails Healthcare, Inc., d/b/a Grossmont Post Acute Care; Nautilus Healthcare, Inc., d/b/a The Cove At La Jolla; Portside Healthcare, Inc., d/b/a Mission Hills Post Acute Care; Bayside Healthcare, Inc., d/b/a South Bay Post Acute Care; and Claydelle Healthcare, Inc., d/b/a Somerset Subacute and Care. Ensign Services admits that the above SNFs, as well as Parkside Health and Wellness Center and Magnolia Post Acute Care, were at one time part of the San Diego cluster.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in footnote 3 and on that basis deny said allegations.

1    and, as such, no response is required.  Defendants otherwise deny the allegations to

2    the extent they vary from the written terms of the document or documents, and deny

3    that Relator's characterization of the document or documents is accurate.

4    Defendants deny the allegations in the last sentence of Paragraph 212.  Defendants

5    are otherwise without sufficient knowledge or information to admit or deny the

6    remaining allegations in Paragraph 212 and on that basis deny said allegations.

7        213.  Ensign Services admits that Michael Leinweber was at one time

8    Administrator for Village Healthcare and Rehabilitation.   To the extent the

9    allegations in Paragraph 213 purport to describe a document or documents, such

10   documents speak for themselves and, as such, no response is required.  Defendants

11   otherwise deny the allegations to the extent they vary from the written terms of the

12   document or documents, and deny that Relator's characterization of the document

13   or documents is accurate.  Defendants otherwise deny the remaining allegations in

14   Paragraph 213.

15       214.  Ensign Services admits that Doug Haney was at one time Administrator

16   of Bella Vita Health and Rehabilitation Center.  Defendants are otherwise without

17   sufficient knowledge or information to admit or deny the allegations in Paragraph

18   214 and on that basis deny said allegations.

19       215.  To the extent the allegations in Paragraph 215 purport to describe a

20   document or documents, such documents speak for themselves and, as such, no

21   response is required.  Defendants otherwise deny the allegations to the extent they

22   vary from the written terms of the document or documents, and deny that Relator's

23   characterization of the document or documents is accurate.   Defendants are

24   otherwise without sufficient knowledge or information to admit or deny the

25   allegations in Paragraph 215 and on that basis deny said allegations.

26       216.  Ensign Services admits that Scott Meppen was, at one time, the

27   Operations Manager for Palomar Vista Healthcare Center and took over from David

28   Mayo.  Defendants are otherwise without sufficient knowledge or information to

admit or deny the allegations in Paragraph 216 and on that basis deny said allegations.

217.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 217 and on that basis deny said allegations.

218.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 218 and on that basis deny said allegations.

219.   Defendants specifically deny that any complaints allegedly made by Relator were "ignored" or "overruled."   Ensign Services denies the allegations regarding Mr. Port.   Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 219 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

220.   To the extent the allegations in Paragraph 220 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.   Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.   Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 220 and on that basis deny said allegations.

221.   To the extent the allegations in Paragraph 221 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.   Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.   Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 221 and on that basis deny said allegations.

222.   To the extent the allegations in Paragraph 222 purport to describe a

document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 222 and on that basis deny said allegations.

223.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 223 and on that basis deny said allegations.

224.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 224 and on that basis deny said allegations.

225.   Ensign Services admit that Brad Albrechtsen was at one time the Administrator of St. Joseph Villa.  To the extent the allegations in Paragraph 225 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate. Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 225 and on that basis deny said allegations.

226.   To the extent the allegations in Paragraph 226 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.   Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 226 and on that basis deny said allegations.

227.   Ensign Services states that in or about January 2015, Relator met with Beverly Wittekind, Chad Keech and Sapna Jain.  However, Defendants note that

1 Relator was employed in the Contracts Department and had access to privileged
2 materials.  To the extent that Relator's allegations in Paragraph 227 rely, implicitly
3 or otherwise, on privileged communications with Ms. Wittekind, Mr. Keetch, or any
4 other member of the legal department, or any other privileged material Relator had
5 access to by virtue of her position at Ensign Services, Defendants state that Relator
6 is barred from violating privilege and improperly relying on privileged
7 communications and on that basis neither admit nor deny allegations relating to those
8 conversations or materials.  Defendants deny there was any entity known as
9 "Ensign."  Defendants are otherwise without sufficient knowledge or information to
10 admit or deny the remaining allegations in Paragraph 227 and on that basis deny said
11 allegations.

12 228.  Ensign Services admits Christina Warner was employed by it from
13 October 15, 2014 through January 7, 2015.  However, Defendants note that Mr.
14 Warner and Relator were employed in the Contracts Department and had access to
15 privileged materials.  To the extent that Relator's allegations in Paragraph 228 rely,
16 implicitly or otherwise, on privileged communications with Mr. Keetch, or any other
17 member of the legal department, or any other privileged material Relator had access
18 to by virtue of her position at Ensign Services, Defendants state that Relator is barred
19 from violating privilege and improperly relying on privileged communications and
20 on that basis neither admit nor deny allegations relating to those conversations or
21 materials.  Defendants deny there was any entity known as "Ensign."  Defendants
22 are otherwise without sufficient knowledge or information to admit or deny the
23 remaining allegations in Paragraph 228 and on that basis deny said allegations.

24 229.  Defendants are without sufficient knowledge or information to admit
25 or deny the allegations in Paragraph 229 because there is no entity known as
26 "Ensign."  Defendants deny that Ensign Group and Ensign Services are the same
27 entity and that the Defendants and the independently operated SNFs are one entity,
28 and on that basis deny said allegations.

230.   To the extent the allegations in Paragraph 230 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.   Defendants are otherwise without sufficient knowledge or information to admit or deny the allegations in Paragraph 230 and on that basis deny said allegations.

231.   To the extent the allegations in Paragraph 231 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants otherwise deny the allegations in Paragraph 231.

232.   To the extent the allegations in Paragraph 232 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants deny the allegations in the second sentence of Paragraph 232.   Defendants are otherwise without sufficient knowledge or information to admit or deny the allegations in Paragraph 232 and on that basis deny said allegations.

233.  Ensign Services admits that Becky Jerke was at one time the Administrator of Southland Rehabilitation and Healthcare.   To the extent the allegations in Paragraph 233 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants are otherwise without sufficient knowledge

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  or information to admit or deny the remaining allegations in Paragraph 233 and on
2  that basis deny said allegations.

3        234.   Ensign Services admits that Abe Oyler was at one time Administrator
4  of Heritage Gardens Rehabilitation & Healthcare and further admits that Robin Wun
5  was at one time an assistant in Contracts for Ensign Services.  To the extent the
6  allegations in Paragraph 234 purport to describe a document or documents, such
7  documents speak for themselves and, as such, no response is required.  Defendants
8  otherwise deny the allegations to the extent they vary from the written terms of the
9  document or documents, and deny that Relator's characterization of the document
10 or documents is accurate.  Defendants are otherwise without sufficient knowledge
11 or information to admit or deny the remaining allegations in Paragraph 234 and on
12 that basis deny said allegations.

13       235.   Ensign Services admits that in or about mid-May 2015, Relator had a
14 meeting with Deborah Miller and Chad Keech.  Ensign Services further admits on
15 or about May 20, 2015, Relator had a meeting with Ms. Miller and Shelley Johnson.
16 However, Defendants note that Relator was employed in the Contracts Department
17 and had access to privileged materials.  To the extent that Relator's allegations in
18 Paragraph 235 rely, implicitly or otherwise, on privileged communications with Ms.
19 Miller, Mr. Keetch or any other member of the legal department, or any other
20 privileged material Relator had access to by virtue of her position at Ensign Services,
21 Defendants state that Relator is barred from violating privilege and improperly
22 relying on privileged communications and on that basis neither admit nor deny
23 allegations relating to those conversations or materials.  This includes, without
24 limitations, Relator's notes from any meeting with Ms. Miller, Mr. Keetch, and/or
25 any other member of the legal department at which privileged information was
26 discussed.  Defendants deny there was any entity known as "Ensign."  Defendants
27 are otherwise without sufficient knowledge or information to admit or deny the
28 remaining allegations in Paragraph 235 and on that basis deny said allegations.

236.   Ensign Services admits that Joe Frustaci was at one time Administrator of Magnolia Post Acute Care.  To the extent the allegations in Paragraph 236 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants deny there was any entity known as "Ensign."  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 236 and on that basis deny said allegations..

237.   Defendants deny the allegations in the first and second sentences of Paragraph 237.  To the extent the allegations in Paragraph 237 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 237 and on that basis deny said allegations.

238.   Defendants admit that Cory Christensen is Christopher Christensen's older brother and further admit that Cory Christensen was at one time Administrator of Victoria Healthcare and Rehabilitation.  To the extent the allegations in Paragraph 238 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants deny there was any entity known as "Ensign."  Defendants specifically deny the allegations in the last sentence of Paragraph 238.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 238 and on that basis deny said allegations.

239.   Defendants admit that Matt Oldroyd was at one time Administrator at Parkside Health and Wellness Center.  To the extent the allegations in Paragraph 239 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 239 and on that basis deny said allegations.

240.   Defendants deny that they had or have any aggressive or illegal practices.  Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 240 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and deny that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 240 and on that basis deny said allegations.

**6.    The Physicians Ensign Paid Were Incentivized and in a Position to Refer Government Health Care Program Patients to Ensign Facilities**

241.   Defendants deny Heading V.B.6.  To the extent the allegations in Paragraph 241 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.  Defendants deny that there was any entity known as "Ensign." Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 241 and on that basis deny said allegations.

242.   Defendants admit that while Relator was employed at Ensign Services she had access to multiple documents.  Defendants are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 242 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

243.   Ensign Services admits that Arroyo Vista Nursing Center, Lemon Grove Care and Rehabilitation Center, Carmel Mountain Rehabilitation & Healthcare Center, The Springs at Pacific Regent, La Jolla Palomar, Vista Healthcare Center, Vista Knoll Specialized Care, Parkside Health and Wellness Center, Parkside Health and Wellness Center, and Somerset Subacute and Care were at one time part of the San Diego cluster.  Ensign Services further admits that Clay Gardner was at one time Administrator of Lemon Grove Care and Rehabilitation Center, Glenn Matthews was at one time Administrator of Carmel Mountain Rehabilitation & Healthcare Center, Matthew Rutter was at one time Administrator of The Springs at Pacific Regent La Jolla, Scott Meppen was at one time Administrator of Palomar Vista Healthcare Center, Matt Oldroyd was at one time Administrator of Parkside Health and Wellness Center, and Joe Frustaci was at one time Administrator of Parkside Health and Wellness Center.  Ensign Services denies the remaining allegations in Paragraph 243.  The Ensign Group is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 243 and on that basis deny said allegations.

244.   Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 244 and on that basis deny said allegations.

245.   Defendants deny the allegations in Paragraph 245.

**7.     Damages and Penalties Attributable to Ensign's Illegal Physician Compensation Scheme**

246.   Defendants deny Heading V.B.7.   To the extent the allegations in Paragraph 246 relate to claims that have been dismissed, they are surplusage and should be stricken.  The allegations in Paragraph 246 state legal conclusions to which no response is required.  To the extent required, Defendants deny that there was any entity known as "Ensign" and otherwise deny the allegations in Paragraph 246.

247.   The allegations in Paragraph 247 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 247.

248.   The allegations in Paragraph 248 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 248.

**C.     Ensign Engaged in an Unlawful Kickback Scheme Known as "Swapping" With Axiom Mobile Imaging**

249.   Defendants deny Heading V.C.  The allegations in Paragraph 249 state legal conclusions to which no response is required.   Defendants are otherwise without sufficient knowledge or information to admit or deny the allegations in Paragraph 249 because there is no entity known as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same entity and that the Defendants and the independently operated SNFs are one entity, and on that basis deny said allegations.

250.   The allegations in Paragraph 250 purport to paraphrase, state, or interpret law, regulations, or Medicaid guidance, or constitutes legal arguments or legal conclusions about the same, and as such, said laws, regulations, or Medicaid guidance speak for themselves and do not require an answer.  To the extent that the allegations in Paragraph 250 vary therefrom or with other applicable statutory or decisional law, Defendants  deny  those  allegations.     To  the  extent  required,

1     Defendants deny the allegations in Paragraph 250.

2       251.   The allegations in Paragraph 251 purport to paraphrase, state, or

3 interpret law, regulations, or Medicaid guidance, or constitutes legal arguments or

4 legal conclusions about the same, and as such, said laws, regulations, or Medicaid

5 guidance speak for themselves and do not require an answer.  To the extent that the

6 allegations in Paragraph 251 vary therefrom or with other applicable statutory or

7 decisional law, Defendants deny those allegations.   Defendants are otherwise

8 without sufficient knowledge or information to admit or deny the remaining

9 allegations in Paragraph 251 and on that basis deny said allegations.

10       252.   Defendants are without sufficient knowledge or information to admit

11 or deny the allegations in the last sentence of Paragraph 252 and on that basis deny

12 said allegations.  The allegations in Paragraph 252 purport to paraphrase, state, or

13 interpret law, regulations, or Medicaid guidance, or constitutes legal arguments or

14 legal conclusions about the same, and as such, said laws, regulations, or Medicaid

15 guidance speak for themselves and do not require an answer.  To the extent required,

16 Defendants deny the remaining allegations in Paragraph 252.

17       253.   Defendants are without sufficient knowledge or information to admit

18 or deny the allegations in Paragraph 253 and on that basis deny said allegations.

19       254.   The allegations in Paragraph 254 state legal conclusions to which no

20 response is required.  To the extent required, Defendants deny the allegations in

21 Paragraph 254.

22       255.    Defendants are without sufficient knowledge or information to admit

23 or deny the remaining allegations in Paragraph 255 because there is no entity known

24 as "Ensign," Defendants deny that Ensign Group and Ensign Services are the same

25 entity and that the Defendants and the independently operated SNFs are one entity,

26 and on that basis deny said allegations.

27       256.   To the extent the allegations in Paragraph 256 purport to describe a

28 document or documents, such documents speak for themselves and, as such, no

1   response is required.  Defendants otherwise deny the allegations to the extent they

2   vary from the written terms of the document or documents, and deny that Relator's

3   characterization of the document or documents is accurate.  Defendants deny that

4   there was any entity known as Ensign.  Defendants are otherwise without sufficient

5   knowledge or information to admit or deny the remaining allegations in Paragraph

6   256 and on that basis deny said allegations.

7        257.   To the extent the allegations in Paragraph 257 purport to describe a

8   document or documents, such documents speak for themselves and, as such, no

9   response is required.  Defendants otherwise deny the allegations to the extent they

10  vary from the written terms of the document or documents, and deny that Relator's

11  characterization of the document or documents is accurate.  Defendants deny that

12  there was any entity known as Ensign.  Defendants are otherwise without sufficient

13  knowledge or information to admit or deny the remaining allegations in Paragraph

14  257 and on that basis deny said allegations.

15       258.   To the extent the allegations in Paragraph 258 purport to describe a

16  document or documents, such documents speak for themselves and, as such, no

17  response is required Defendants otherwise deny the allegations to the extent they

18  vary from the written terms of the document or documents, and deny that Relator's

19  characterization of the document or documents is accurate.   Defendants are

20  otherwise without sufficient knowledge or information to admit or deny the

21  remaining allegations in Paragraph 258 because there is no entity known as

22  "Ensign," Defendants deny that Ensign Group and Ensign Services are the same

23  entity and that the Defendants and the independently operated SNFs are one entity,

24  and on that basis deny said allegations.

25       259.   Defendants deny the allegations in Paragraph 259.

26       260.   To the extent the allegations in Paragraph 260 purport to describe a

27  document or documents, such documents speak for themselves and, as such, no

28  response is required.  Defendants otherwise deny the allegations to the extent they

1  vary from the written terms of the document or documents, and deny that Relator's

2  characterization of the document or documents is accurate.   Defendants are

3  otherwise without sufficient knowledge or information to admit or deny the

4  remaining allegations in Paragraph 260 and on that basis deny said allegations.

5      261.   To the extent the allegations in Paragraph 261 relate to claims that have

6  been dismissed, they are surplusage and should be stricken.   Defendants admit the

7  CIA was signed by Deborah Miller and Christopher Christensen on October 1, 2013.

8  Defendants deny that there was any entity known as "Ensign" and otherwise deny

9  the remaining allegations in Paragraph 261.

10     262.   Defendants deny that there was any entity known as "Ensign" and

11  otherwise deny the allegations in Paragraph 262.

12     263.   The allegations in Paragraph 263 state legal conclusions to which no

13  response is required.   To the extent required, Defendants deny the allegations in

14  Paragraph 263.

15     264.   To the extent the allegations in Paragraph 264 relate to claims that have

16  been dismissed, they are surplusage and should be stricken.   To the extent required,

17  Defendants deny that there was any entity known as "Ensign" and otherwise deny

18  the allegations in Paragraph 264.

19     265.   Defendants are without sufficient knowledge or information to admit

20  or deny the allegations in the first sentence of Paragraph 265.   Defendants are

21  otherwise without sufficient knowledge or information to admit or deny the

22  remaining allegations in Paragraph 265 because there is no entity known as

23  "Ensign," Defendants deny that Ensign Group and Ensign Services are the same

24  entity and that the Defendants and the independently operated SNFs are one entity,

25  and on that basis deny said allegations.

26     266.  Ensign Services admits that Mike Conrad was at one time

27  Administrator of Salado Creek.   To the extent the allegations in Paragraph 266

28  purport to describe a document or documents, such documents speak for themselves

1   and, as such, no response is required.  Defendants otherwise deny the allegations to

2   the extent they vary from the written terms of the document or documents, and deny

3   that Relator's characterization of the document or documents is accurate.

4   Defendants are otherwise without sufficient knowledge or information to admit or

5   deny the remaining allegations in Paragraph 266 and on that basis deny said

6   allegations.

7       267.   Ensign Services admits that Edward Dove was at one time

8   Administrator of Victoria Post Acute Care.   To the extent the allegations in

9   Paragraph 267 purport to describe a document or documents, such documents speak

10  for themselves and, as such, no response is required.  Defendants otherwise deny the

11  allegations to the extent they vary from the written terms of the document or

12  documents, and deny that Relator's characterization of the document or documents

13  is accurate.  Defendants are otherwise without sufficient knowledge or information

14  to admit or deny the remaining allegations in Paragraph 267 and on that basis deny

15  said allegations.

16      **D.    Ensign Knowingly Failed to Report Violations of Its Corporate

17      Integrity Agreement in an Effort to Avoid Paying Penalties Owed to the United States.**

18      268.   Defendants deny Heading V.C.2.D.  To the extent the allegations in

19  Paragraph 268 relate to claims that have been dismissed, they are surplusage and

20  should be stricken.  Defendants admit that the Ensign Group entered into a CIA with

21  HHS-OIG on October 1, 2013, and further admit that "Covered Persons" has a

22  specific definition in the CIA.  Defendants admit that there are over 140 SNFs

23  affiliated with The Ensign Group.  Defendants deny that there was any entity known

24  as "Ensign." Defendants otherwise deny the remaining allegations in Paragraph 268.

25      269.   To the extent the allegations in Paragraph 269 relate to claims that have

26  been dismissed, they are surplusage and should be stricken.  Defendants admit the

27  allegations in Paragraph 269.

28      270.   To the extent the allegations in Paragraph 270 relate to claims that have

1    been dismissed, they are surplusage and should be stricken.  Defendants admit that
2    Mr. Christensen signed the CIA as then President and Chief Executive Officer of
3    The Ensign Group and a member of its Board of Directors, and admit that Deborah
4    Miller, Chief Compliance Officer of The Ensign Group also signed the CIA.
5    Defendants deny there was any entity known as "Ensign" and otherwise deny the
6    remaining allegations in Paragraph 270.

7        271.   To the extent the allegations in Paragraph 271 relate to claims that have
8    been dismissed, they are surplusage and should be stricken.  Defendants admit the
9    term of the CIA was five years.  Defendants deny the remaining allegations in
10   Paragraph 271.

11       272.   To the extent the allegations in Paragraph 272 relate to claims that have
12   been dismissed, they are surplusage and should be stricken.  To the extent the
13   allegations in Paragraph 272 purport to describe a document or documents, such
14   documents speak for themselves and, as such, no response is required.  Defendants
15   otherwise deny the allegations to the extent they vary from the written terms of the
16   document or documents, and deny that Relator's characterization of the document
17   or documents is accurate.  Defendants deny that there was any entity known as
18   "Ensign."  Defendants are otherwise without sufficient knowledge or information to
19   admit or deny the remaining allegations in Paragraph 272 and on that basis, deny
20   said allegations.

21       273.   To the extent the allegations in Paragraph 273 relate to claims that have
22   been dismissed, they are surplusage and should be stricken.  To the extent the
23   allegations in Paragraph 273 purport to describe a document or documents, such
24   documents speak for themselves and, as such, no response is required.  Defendants
25   otherwise deny the allegations to the extent they vary from the written terms of the
26   document or documents, and deny that Relator's characterization of the document
27   or documents is accurate.  Defendants deny the remaining allegations of Paragraph
28   273.

274.   To the extent the allegations in Paragraph 274 relate to claims that have been dismissed, they are surplusage and should be stricken.   To the extent the allegations in Paragraph 274 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.   Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.   Defendants deny that there was any entity known as "Ensign."   Defendants otherwise deny the remaining allegations of Paragraph 274.

275.   To the extent the allegations in Paragraph 275 relate to claims that have been dismissed, they are surplusage and should be stricken.   To the extent the allegations in Paragraph 275 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.   Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.   Defendants deny that there was any entity known as "Ensign."   Defendants otherwise deny the remaining allegations of Paragraph 275.

276.   To the extent the allegations in Paragraph 276 relate to claims that have been dismissed, they are surplusage and should be stricken.   To the extent the allegations in Paragraph 276 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.   Defendants otherwise deny the allegations to the extent they vary from the written terms of the document or documents, and deny that Relator's characterization of the document or documents is accurate.   Defendants deny that there was any entity known as "Ensign."   Defendants otherwise deny the remaining allegations of Paragraph 276.

277.   To the extent the allegations in Paragraph 277 relate to claims that have been dismissed, they are surplusage and should be stricken.   To the extent the allegations in Paragraph 277 purport to describe a document or documents, such documents speak for themselves and, as such, no response is required.   Defendants

1   otherwise deny the allegations to the extent they vary from the written terms of the

2   document or documents, and deny that Relator's characterization of the document

3   or documents is accurate.  Defendants deny that there was any entity known as

4   "Ensign."  Defendants otherwise deny the remaining allegations of Paragraph 277.

5       278.  To the extent the allegations in Paragraph 278 relate to claims that have

6   been dismissed, they are surplusage and should be stricken.  Defendants admit that

7   Deborah Miller was a signatory to the CIA and was then Chief Compliance Officer

8   of Ensign Group.  Defendants deny that, as Chief Compliance Officer, Ms. Miller

9   reported solely to Christopher Christensen.  Defendants admit that Ms. Miller

10  reported on her daily duties to Christopher Christensen who was the President and

11  CEO of The Ensign Group until May 2019.  To the extent the allegations in

12  Paragraph 278 purport to describe a document or documents, such documents speak

13  for themselves and, as such, no response is required.  Defendants otherwise deny the

14  allegations to the extent they vary from the written terms of the document or

15  documents, and deny that Relator's characterization of the document or documents

16  is accurate.  Defendants deny that there was any entity known as "Ensign."

17  Defendants otherwise deny the remaining allegations of Paragraph 278.

18      279.  To the extent the allegations in Paragraph 279 relate to claims that have

19  been dismissed, they are surplusage and should be stricken.  Defendants deny that

20  there was any entity known as "Ensign" and otherwise deny the allegations in

21  Paragraph 279.

22      280.  To the extent the allegations in Paragraph 280 relate to claims that have

23  been dismissed, they are surplusage and should be stricken.  The allegations in

24  Paragraph 280 state legal conclusions to which no response is required.  To the extent

25  required, Defendants deny that there was any entity known as "Ensign," deny that

26  each of them and the independently operated SNFs are one entity, and otherwise

27  deny the allegations in Paragraph 280.

28      281.  To the extent the allegations in Paragraph 281 relate to claims that have

been dismissed, they are surplusage and should be stricken.  The allegations in Paragraph 281 state legal conclusions to which no response is required.  To the extent required, Defendants deny that there was any entity known as "Ensign," deny that each of them and the independently operated SNFs are one entity, and otherwise deny the allegations in Paragraph 281.

282.   To the extent the allegations in Paragraph 282 relate to claims that have been dismissed, they are surplusage and should be stricken.  The allegations in Paragraph 282 state legal conclusions to which no response is required.  To the extent required, Defendants deny that there was any entity known as "Ensign," deny that each of them and the independently operated SNFs are one entity, and otherwise deny the allegations in Paragraph 282.

## VI.  CLAIMS FOR RELIEF

**Count I**
**Federal False Claims Act**
**31 U.S.C. § 3729(a)(1) (1986)**
**31 U.S.C. § 3729(a)(1)(A) (2009)**

283.   Defendants incorporate their responses to each and every allegation set forth in paragraphs 1-282 as if fully stated herein.

284.   The allegations in Paragraph 284 purport to describe a legal claim for relief,  which speaks for itself and to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 284.

285.   The allegations in Paragraph 285 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 285.

286.   The allegations in Paragraph 286 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 286.

287.   The allegations in Paragraph 287 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

1  Paragraph 287.

2      288.   The allegations in Paragraph 288 state legal conclusions to which no

3  response is required.   To the extent required, Defendants deny the allegations in

4  Paragraph 288.

5      289.   The allegations in Paragraph 289 state legal conclusions to which no

6  response is required.   To the extent required, Defendants deny the allegations in

7  Paragraph 289.

8                           **Count II**
                     **Federal False Claims Act**
9              **31 U.S.C. § 3729(a)(2) (1986)**
               **31 U.S.C. § 3729(a)(1)(B) (2009)**
10

11      290.   Defendants incorporate their responses to each and every allegation set

12  forth in paragraphs 1-289 as if fully stated herein.

13      291.   The allegations in Paragraph 291 purport to describe a legal claim for

14  relief, , which speaks for itself and to which no response is required.   To the extent

15  required, Defendants deny the allegations in Paragraph 291.

16      292.   The allegations in Paragraph 292 state legal conclusions to which no

17  response is required.   To the extent required, Defendants deny the allegations in

18  Paragraph 292.

19      293.   The allegations in Paragraph 293 state legal conclusions to which no

20  response is required.   To the extent required, Defendants deny the allegations in

21  Paragraph 293.

22      294.   The allegations in Paragraph 294 state legal conclusions to which no

23  response is required.   To the extent required, Defendants deny the allegations in

24  Paragraph 294.

25      295.   The allegations in Paragraph 295 state legal conclusions to which no

26  response is required.   To the extent required, Defendants deny the allegations in

27  Paragraph 295.

28      296.   The allegations in Paragraph 296 state legal conclusions to which no

1   response is required.   To the extent required, Defendants deny the allegations in
2   Paragraph 296.

3                               **Count III**
                       **Federal False Claims Act**
4                     **31 U.S.C. § 3729(a)(1)(G) (2009)**

5          297.   Defendants incorporate their responses to each and every allegation set
6   forth in paragraphs 1 through 296 as if fully stated herein. To the extent required,
7   Defendants state that this claim was dismissed by Order of this Court on March 29,
8   2022 (Dkt. 139), and on that basis deny the allegations in Paragraph 298.

9          298.   The allegations in Paragraph 298 purport to describe a legal claim for
10  relief, which speaks for itself and to which no response is required.  To the extent
11  required, Defendants state that this claim was dismissed by Order of this Court on
12  March 29, 2022 (Dkt. 139), and on that basis deny the allegations in Paragraph 298.

13         299.   The allegations in Paragraph 299 state legal conclusions to which no
14  response is required.  To the extent required, Defendants state that this claim was
15  dismissed by Order of this Court on March 29, 2022 (Dkt. 139), and on that basis
16  deny the allegations in Paragraph 299.

17         300.   The allegations in Paragraph 300 state legal conclusions to which no
18  response is required.  To the extent required, Defendants state that this claim was
19  dismissed by Order of this Court on March 29, 2022 (Dkt. 139), and on that basis
20  deny the allegations in Paragraph 300.

21         301.   The allegations in Paragraph 301 state legal conclusions to which no
22  response is required.  To the extent required, Defendants state that this claim was
23  dismissed by Order of this Court on March 29, 2022 (Dkt. 139), and on that basis
24  deny the allegations in Paragraph 301.

25         302.   The allegations in Paragraph 302 state legal conclusions to which no
26  response is required.  To the extent required, Defendants state that this claim was
27  dismissed by Order of this Court on March 29, 2022 (Dkt. 139), and on that basis
28  deny the allegations in Paragraph 302.

**Count IV**
**Federal False Claims Act**
**31 U.S.C. § 3729(a)(3) (1986)**
**U.S.C. § 3729(a)(1)(C) (2009)**

303.   Defendants incorporate their responses to each and every allegation set forth in paragraphs 1 through 302 as if fully stated herein.

304.   The allegations in Paragraph 304 purport to describe a legal claim for relief, which speaks for itself and to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 304.

305.   The allegations in Paragraph 305 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 305.

306.   The allegations in Paragraph 306 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 306.

307.   The allegations in Paragraph 307 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 307.

308.   The allegations in Paragraph 308 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 308.

309.   The allegations in Paragraph 309 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 309.

**Count V**
**California False Claims Act**
**Cal. Gov't Code § 12651(a)(1)**

310.   Defendants incorporate their responses to each and every allegation set forth in paragraphs 1 through 309 as if fully stated herein.

311.   The allegations in Paragraph 311 purport to describe a legal claim for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

1   relief, which speaks for itself and to which no response is required.  To the extent

2   required, Defendants deny the allegations in Paragraph 311.

3       312.   The allegations in Paragraph 312 state legal conclusions to which no

4   response is required.  To the extent required, Defendants deny the allegations in

5   Paragraph 312.

6       313.   The allegations in Paragraph 313 state legal conclusions to which no

7   response is required.  To the extent required, Defendants deny the allegations in

8   Paragraph 313.

9       314.   The allegations in Paragraph 314 state legal conclusions to which no

10  response is required.  To the extent required, Defendants deny the allegations in

11  Paragraph 314.

12      315.   The allegations in Paragraph 315 state legal conclusions to which no

13  response is required.  To the extent required, Defendants deny the allegations in

14  Paragraph 315.

15                              **Count VI**
                     **California False Claims Act**
16                   **Cal. Gov't Code § 12651(a)(2)**

17      316.   Defendants incorporate their responses to each and every allegation set

18  forth in paragraphs 1 through 315 as if fully stated herein.

19      317.   The allegations in Paragraph 317 purport to describe a legal claim for

20  relief, which speaks for itself and to which no response is required.  To the extent

21  required, Defendants deny the allegations in Paragraph 317.

22      318.   The allegations in Paragraph 318 state legal conclusions to which no

23  response is required.  To the extent required, Defendants deny the allegations in

24  Paragraph 318.

25      319.   The allegations in Paragraph 319 state legal conclusions to which no

26  response is required.  To the extent required, Defendants deny the allegations in

27  Paragraph 319.

28      320.   The allegations in Paragraph 320 state legal conclusions to which no

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

1   response is required.   To the extent required, Defendants deny the allegations in

2   Paragraph 320.

3       321.   The allegations in Paragraph 321 state legal conclusions to which no

4   response is required.   To the extent required, Defendants deny the allegations in

5   Paragraph 321.

6                       **Count VII**
                 **California False Claims Act**
7               **Cal. Gov't Code § 12651(a)(7)**

8       322.   Defendants incorporate their responses to each and every allegation set

9   forth in paragraphs 1 through 322 as if fully stated herein.[4]

10      323.   The allegations in Paragraph 323 purport to describe a legal claim for

11  relief, which speaks for itself and to which no response is required.   To the extent

12  required, Defendants deny the allegations in Paragraph 323.[5]

13      324.   The allegations in Paragraph 324 state legal conclusions to which no

14  response is required.   To the extent required, Defendants deny the allegations in

15  Paragraph 324.[6]

16      325.   The allegations in Paragraph 325 state legal conclusions to which no

17  response is required.   To the extent required, Defendants deny the allegations in

18  Paragraph 325.[7]

19  _____

20  [4] Defendants believe that the Court's ruling dismissing Relator's third cause of
    action (federal reverse false claims cause of action) on March 29, 2022 (Dkt. 139)
21  applies equally to Relator's seventh cause of action (California reverse false claims
    cause of action), and on that basis deny the allegations in Paragraph 322.

22  [5] Defendants believe that the Court's ruling dismissing Relator's third cause of
    action (federal reverse false claims cause of action) on March 29, 2022 (Dkt. 139)
23  applies equally to Relator's seventh cause of action (California reverse false claims
    cause of action), and on that basis deny the allegations in Paragraph 323.

24  [6] Defendants believe that the Court's ruling dismissing Relator's third cause of
    action (federal reverse false claims cause of action) on March 29, 2022 (Dkt. 139)
25  applies equally to Relator's seventh cause of action (California reverse false claims
    cause of action), and on that basis deny the allegations in Paragraph 324.
26
    [7] Defendants believe that the Court's ruling dismissing Relator's third cause of
27  action (federal reverse false claims cause of action) on March 29, 2022 (Dkt. 139)
    applies equally to Relator's seventh cause of action (California reverse false claims
28  cause of action), and on that basis deny the allegations in Paragraph 325.

326.    The allegations in Paragraph 326 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 326.[8]

327.    The allegations in Paragraph 327 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 327.[9]

**Count VIII
California False Claims Act
Cal. Gov't Code § 12651(a)(8)**

328.    Defendants incorporate their responses to each and every allegation set forth in paragraphs 1 through 327 as if fully stated herein.

329.    The allegations in Paragraph 329 purport to describe a legal claim for relief, which speaks for itself and to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 329.

330.    The allegations in Paragraph 330 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 330.

331.    The allegations in Paragraph 331 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 331.

332.    The allegations in Paragraph 332 state legal conclusions to which no response is required.   To the extent required, Defendants deny the allegations in Paragraph 332.

---

[8] Defendants believe that the Court's ruling dismissing Relator's third cause of action (federal reverse false claims cause of action) on March 29, 2022 (Dkt. 139) applies equally to Relator's seventh cause of action (California reverse false claims cause of action), and on that basis deny the allegations in Paragraph 326.

[9] Defendants believe that the Court's ruling dismissing Relator's third cause of action (federal reverse false claims cause of action) on March 29, 2022 (Dkt. 139) applies equally to Relator's seventh cause of action (California reverse false claims cause of action), and on that basis deny the allegations in Paragraph 327.

**Count IX**
**California False Claims Act**
**Cal. Gov't Code § 12651(a)(3)**

333.    Defendants incorporate their responses to each and every allegation set forth in paragraphs 1 through 332 above as if fully stated herein.

334.    The allegations in Paragraph 334 purport to describe a legal claim for relief, which speaks for itself and to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 334.

335.    The allegations in Paragraph 335 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 335.

336.    The allegations in Paragraph 336 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 336.

337.    The allegations in Paragraph 337 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 337.

338.    The allegations in Paragraph 338 state legal conclusions to which no response is required.  To the extent required, Defendants deny the allegations in Paragraph 338.

## VII.  PRAYERS FOR RELIEF

**WHEREFORE, Plaintiff-Relator prays for judgment against Defendants as follows:**

a.    **That Defendants cease and desist from violating the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.,* and the State of California False Claims Act;**

b.    **That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus the maximum statutory civil penalty for each violation of 31 U.S.C. § 3729;**

c.    **That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of California has sustained because of Defendants' actions, plus the maximum**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

statutory civil penalty for each violation of the California False Claims Act;

d.      That Plaintiff-Relator be awarded the maximum amount allowed pursuant to the False Claims Act, 31 U.S.C. § 3730(d), and California False Claims Act, Cal. Gov't Code § 12652(g);

e.      That Plaintiff-Relator be awarded all attorneys' fees, costs, and expenses; and

f.      That the Plaintiffs United States and the State of California, and Plaintiff-Relator recover such other and further relief as the Court deems just and proper.

Defendants deny that Relator is entitled to any of the relief requested in the Second Amended Complaint, or to any relief whatsoever.

## DEMAND FOR JURY TRIAL

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff-Relator hereby demands a trial by jury.**

Defendants deny that Relator is entitled to any of the relief requested in the Second Amended Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation in Relator's SAC that has not been admitted or responded to specifically.  To the extent any allegations of fact remain unanswered, they are denied by Defendants.  Defendants further deny that Relator is entitled to any of the relief sought in the Prayer for Relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses.  By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Relator. Defendants reserve the right to assert additional affirmative defenses to the extent that such defenses become known as a result of discovery or otherwise:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Second Amended Complaint is barred, in whole or in part, because it

1    fails to state a claim upon which relief may be granted.

2    **SECOND AFFIRMATIVE DEFENSE**

3    **(Statute of Limitations)**

4        Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

5    limitations.

6    **THIRD AFFIRMATIVE DEFENSE**

7    **(Estoppel)**

8        Relator's claims are barred, in whole or in part, by the doctrine of estoppel.

9    **FOURTH AFFIRMATIVE DEFENSE**

10    **(No Vicarious Liability)**

11        Defendants are not vicariously liable, in whole or in part, for the acts alleged

12    in the Second Amended Complaint.

13    **FIFTH AFFIRMATIVE DEFENSE**

14    **(No Injury)**

15        Relator's claims based on alleged conduct by Defendants are barred, in

16    whole or in part, by the fact that the United States and the State of California has

17    suffered no actual injury because Defendants did not submit any false claims.

18    **SIXTH AFFIRMATIVE DEFENSE**

19    **(Third Party Fault)**

20        Damages and claims for which Relator seeks relief in the Second Amended

21    Complaint, if any, were caused by the acts, errors or omissions or other fault of

22    third parties and/or contributed to and/or other fault of third parties, for whose

23    conduct Defendants were not responsible.

24    **SEVENTH AFFIRMATIVE DEFENSE**

25    **(Speculative Damages)**

26        The alleged damages are speculative, uncertain, or contingent and are not

27    recoverable.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANTS TO RELATOR'S
SECOND AMENDED COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Vague, Ambiguous and Uncertain)

The causes of action and allegations in the Second Amended Complaint are vague, ambiguous and uncertain.

## NINTH AFFIRMATIVE DEFENSE

### (Fair Market Value)

The claims asserted in the Second Amended Complaint are barred, in whole or in part because the arrangements were commercially reasonable, at fair market value, not entered into in exchange for referrals, and did not induce referrals in violation of the Anti-Kickback Statute.

## TENTH AFFIRMATIVE DEFENSE

### (Stark Act Exceptions and Safe Harbors)

Relator's claims are barred, in whole or in part by the exceptions and safe harbors applicable to the Stark Act, including, but not limited to, those identified by 42 U.S.C. § 1395nn, 42 C.F.R. §§ 411.350, 411.354, 411.355, 411.356 and 441.357.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Anti-Kickback Statute Exceptions and Safe Harbors)

Relator's claims are barred, in whole or in part by the exceptions and safe harbors applicable to the Anti-Kickback Statute, including but not limited to, those identified by 42 U.S.C. §§ 1320a-7a, 1320a-7b and 42 C.F.R. § 1001.952.

## TWELFTH AFFIRMATIVE DEFENSE

### (California False Claims Act Exceptions and Safe Harbors)

Relator's claims are barred, in whole or in part, by the exceptions and safe harbors applicable to the California False Claims Act, including but not limited to, those identified by Business and Professions Code §§ 650 et seq., including § 650.02 and its regulations.

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Referrals)

3        Relator's claims are barred, in whole or in part, because there were no

4   referrals within the definition set forth in 42 C.F.R. § 411.351.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6

### (Materiality)

7        The claims are barred, in whole or in part, because none of the alleged

8   statements made by Defendants were material to the decision of any government

9   healthcare program to pay any healthcare claim.

10

## FIFTEENTH AFFIRMATIVE DEFENSE

11

### (Laches)

12        Relator's claims for relief are barred by the doctrine of laches.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14

### (Excessive Damages)

15        To the extent that any financial penalties or treble damages authorized under

16   the False Claims Act exceed any actual loss incurred by the federal government as

17   a result of any claims paid, such damages or financial penalties would constitute an

18   excessive fine under the Eighth Amendment of the U.S. Constitution and would be

19   void.

20

## SEVENTEENTH AFFIRMATIVE DEFENSE

21

### (Public Disclosure Bar)

22        Relator's claims are barred, in whole or in part, because substantially the

23   same allegations or transactions alleged in this action were publicly disclosed and

24   Relator is not an original source of the information under 31 U.S.C. § 3730(e)(4)

25   and Cal. Gov't. Code § 12652(d)(3).

26

## EIGHTEENTH AFFIRMATIVE DEFENSE

27

### (First to File)

28        Relator's claims for relief are barred, in whole or in part, to the extent that

1   she was not the first to file a complaint based on these allegations under 31 U.S.C.
2   § 3730(b)(5) and Cal. Gov't. Code § 12652(c)(10).  Defendants assert this defense
3   based on the possibility that there remains another, still-sealed qui tam action
4   asserting similar claims.

5                    **NINETEENTH AFFIRMATIVE DEFENSE**
6                              **(Unclean Hands)**
7        Relator's claims are barred, in whole or in part, by Relator's own wrongful
8   conduct and unclean hands.

9                    **TWENTIETH AFFIRMATIVE DEFENSE**
10                      **(Additional Affirmative Defenses)**
11       Defendants reserve the right to add additional affirmative defenses as
12   discovery progresses.

13                    **DEFENDANTS' PRAYER FOR RELIEF**
14       WHEREFORE, Defendants respectfully request:
15       1.  Judgment dismissing the Second Amended Complaint with
16           prejudice;
17       2.  Judgment denying all relief requested by Relator and granting
18           Defendants' attorneys' fees and costs in defending against Relator's
19           Second Amended Complaint; and
20       3.  Such other and further relief as this Court deems just and equitable.

21   Dated:  May 24, 2022                    Respectfully submitted,
22                                           LATHAM & WATKINS LLP
23
24
25                                           By  /s/ David J. Schindler
26                                              David J. Schindler
                                               *Attorneys for Defendants The Ensign*
27                                             *Group, Inc. and Ensign Services, Inc.*
28