1  Kolin C. Tang (SBN 279834)
2  James C. Shah (SBN 260435)
   MILLER SHAH LLP
3  19712 MacArthur Boulevard, Suite 222
   Irvine, CA 92612
4  Telephone: (866) 540-5505
   Email: kctang@millershah.com
5         jcshah@millershah.com
6  [Additional Counsel Listed On Signature Page]
   *Attorneys for Plaintiff-Relator, Sharon Ginger*

7
8  David J. Schindler (SBN 130490)
   Molly K. Wyler (SBN 299881)
9  Latham & Watkins LLP
   355 South Grand Avenue, Suite 100
10 Los Angeles, CA 90071
   Telephone: (213) 485-1234
11 Email: david.schindler@lw.com

12 Jason M. Ohta (SBN 211107)
13 12670 High Bluff Drive
   San Diego, California 92130
14 Telephone: (858) 523-5400
   Email: jason.ohta@lw.com
15 *Attorneys for Defendants*
   *The Ensign Group, Inc. and*
16 *Ensign Services, Inc.*

17          **IN THE UNITED STATES DISTRICT COURT**
18        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

19 UNITED STATES OF AMERICA and        Case No.: 8:15-cv-00389-JWH-DFM
   STATE of CALIFORNIA, ex rel.
20 SHARON GINGER,                       **STIPULATED**
                                        **CONFIDENTIALITY**
21                Plaintiffs,           **AGREEMENT AND HIPAA**
                                        **QUALIFIED PROTECTIVE**
22        vs.                           **ORDER**

23 THE ENSIGN GROUP, INC. and
   ENSIGN FACILITY SERVICES,
24 INC.,

25                Defendants.

26
27
28

# 1. INTRODUCTION

## 1.1 Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Such information is likely to include, among other information, protected health information ("PHI") within the meaning of 45 C.F.R. § 160.3, including claims data that likely will be requested from non-party the Centers for Medicare & Medicaid Services ("CMS"); hence a protective order is needed to preserve the confidentiality of that PHI. In addition, there may be confidential financial, commercial, and trade secret information produced in discovery in this action. The Parties agree that a protective order concerning such information is necessary to protect the confidentiality and integrity of the information, and to prevent injury (including without limitation financial and competitive injury) that the Producing Party (defined below) or the person who is the subject of the information might incur from public disclosure. The Parties acknowledge that this Stipulated Confidentiality Agreement and HIPAA Qualified Protective Order ("Protective Order" or "Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2 Good Cause Statement

This action is likely to involve third parties' individual identifiable health information within the meaning of 45 C.F.R. § 160.3, patient identifying

information, and other confidential and proprietary medical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted, both under federal law and for the proper safeguarding of the Parties' business and legal interests.  This action may also involve confidential and proprietary business information, which may consist of, among other things, trade secrets, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential or are required to keep confidential by law, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  Except with respect to materials produced by CMS, which are separately discussed and provided for in this order, it is the intent of the Parties that information will not be designated as protected under this order for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, or that federal or state law requires it to be so maintained, and there is good cause why it should not be part of the public record in this case.

**2.    DEFINITIONS**

As used in this Protective Order:

2.1    "Action" means the above-captioned action.

2.2    "Challenging Party" means a Party or Non-Party that challenges the

designation of information or items under this Order.

2.3   "CMS" or "CMS Producing Party" means the U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services, as well as any CMS contractor or CMS agent.

2.4   "Commercially Sensitive Information" means information that the Producing Party believes would result in competitive, commercial, or financial harm if disseminated publicly.

2.5   "CONFIDENTIAL" means information or items (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, includes Discovery Material that contains Commercially Sensitive Information, Personally Identifiable Information, Proprietary Information, and any Discovery Material that would be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and/or 45 C.F.R. Part 5b in the hands of CMS.

2.6   "Covered Entity or Entities" means "covered entity" as defined in 45 C.F.R. §160.103.

2.7   "Counsel" means Outside Counsel of Record and In-House Counsel (as well as associated personnel assisting Counsel in this Action, such as paralegals, litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel).

2.8   "Designating Party" means a Party or Non-Party, other than CMS or any CMS contractor or CMS agent, that has designated information or items that it produces in this Action as CONFIDENTIAL, CONFIDENTIAL & PROTECTED HEALTH INFORMATION or HIGHLY CONFIDENTIAL.

2.9   "Discovery Material" is intended to be comprehensive and includes any and all produced materials, including documents, information, electronically-stored information ("ESI") and tangible things in the broadest sense contemplated under Federal Rules of Civil Procedure 34, and includes all written, oral, recorded,

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

electronic, or graphic material, however produced or reproduced, including, but not limited to all written or printed matter of any kind, computer data of any kind, graphic or manual records or representations of any kind, and electronic, mechanical, or electric records furnished in the course of discovery under this Protective Order by the signatories to this Protective Order or CMS, and other persons or entities subject to this Protective Order, including deposition transcripts, videos and exhibits, responses to interrogatories, responses to requests for production or admissions, and responses to subpoenas issued under this Protective Order.

2.10   "Expert" or "Consultant" means a person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.11   "Final Disposition" means the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.12   "HIGHLY CONFIDENTIAL" means Discovery Material that constitutes Proprietary Information or Commercially Sensitive Information and the Designating Party believes in good faith to be highly confidential and/or sensitive in nature such that public dissemination is highly likely to result in significant harm to one or more Parties or Non-Parties.  HIGHLY CONFIDENTIAL information shall be treated in accordance with Paragraph 5 and other Paragraphs of this Protective Order.

2.13   "In-House Counsel" means attorneys who are employees of a Party to this Action and includes associated personnel assisting In-House Counsel in this Action, such as paralegals, litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel.  It does not include Outside Counsel of Record or any other outside counsel.

2.14   "Litigation" means the above-captioned Action as well as all related

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

appellate proceedings or the expiration of time to commence such appellate proceedings related to this action.

2.15 "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.16 "Outside Counsel of Record" means attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes associated personnel assisting Outside Counsel of Record in this Action, such as paralegals, litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel.

2.17 "Parties" means any plaintiff and defendant in this Action.

2.18 "Personally Identifiable Information" or "PII" means Social Security numbers, tax identification numbers, birth dates, and financial account numbers for which redacted filings are permitted by Rule 5.2 of the Federal Rules of Civil Procedure.

2.19 "Producing Party" means any Party or Non-Party that produces Discovery Material pursuant to this Protective Order, other than CMS and its contractors and agents, who are identified herein collectively as "CMS" or "CMS Producing Party."

2.20 "Professional Vendor" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.21 "Proprietary Information" means information not already publicly available that constitutes: (i) any information subject to protection under the Privacy Act, 5 U.S.C. § 552a, or the Trade Secrets Act, 18 U.S.C. § 1905; (ii) trade secret or other confidential research, development, or commercial information entitled to

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

protection under Federal Rule of Civil Procedure 26(c)(1)(G); or (iii) any other information subject to a sealing in the above-captioned Action pursuant to Local Rule 79-5.

2.22   "PROTECTED HEALTH INFORMATION" or "PHI" means certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including HIC number) that may be subject to the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102–164.534, to the provisions of 42 U.S.C. § 1306, or for which there may be no waiver by the patient to disclose the information to a person who or entity which is not a Party to the above-captioned Action.

2.23   "Protected Material" means documents or information designated as "CONFIDENTIAL", "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL" in this Action pursuant to the Protective Order.

2.24   "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

2.25   "Service Providers" mean any court reporting service, videography service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service designated by a Party or a Party's legal counsel in this case.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  This

Protective Order does not govern the use of Protected Material at trial.  Any use of Protected Material at trial shall be governed by the orders of the Court.

**4.     DURATION**

Even after Final Disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect as to material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, until a Designating Party agrees otherwise in writing or a court order otherwise directs, and as to material designated as CONFIDENTIAL & PROTECTED HEALTH INFORMATION, until a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1   **Designation of Material Produced by CMS as CONFIDENTIAL**

Upon producing Discovery Material to the Parties pursuant to a subpoena or other lawful process, CMS should designate the Discovery Material as "CONFIDENTIAL" CMS shall, if practical, include the "CONFIDENTIAL" designation on every page of the Discovery Material in the same manner in which every page is Bates stamped.  If it is not practical to physically designate the Discovery Material as "CONFIDENTIAL", then CMS shall designate the Discovery Material as "CONFIDENTIAL" in correspondence or in some other manner reasonably giving notice of the designation, including (but not limited to) affixing a label marked "CONFIDENTIAL" on the cover of or surface of any electronic media. It is practical to designate "CONFIDENTIAL" on every page of the Discovery Material if it is produced with a Bates stamp on every page.  It is not practical to designate "CONFIDENTIAL" on every page of the Discovery Material if it is a spreadsheet or presentation file produced in native format (*e.g.,* Microsoft Excel, PowerPoint, or Access formats).

### 5.2   Designation of Material Produced by CMS as HIGHLY CONFIDENTIAL

Upon producing Discovery Material containing Proprietary Information or Commercially Sensitive Information to the Parties pursuant to a subpoena or other lawful process, CMS will designate the Discovery Material as "HIGHLY CONFIDENTIAL."   CMS shall, if practicable, include the "HIGHLY CONFIDENTIAL" designation on every page of the Discovery Material in the same manner in which every page is Bates stamped.  If it is not practicable to physically designate the Discovery Material as "HIGHLY CONFIDENTIAL", then CMS shall designate the Discovery Material as "HIGHLY CONFIDENTIAL" in correspondence or in some other manner reasonably giving notice of the designation, including (but not limited to) affixing a label marked "HIGHLY CONFIDENTIAL" on the cover of or surface of any electronic media.  It is practicable to designate "HIGHLY CONFIDENTIAL" on every page of the Discovery Material if it is produced with a Bates stamp on every page.  It is not practicable to designate "HIGHLY CONFIDENTIAL" on every page of the Discovery Material if it is a spreadsheet or presentation file produced in native format (*e.g.,* Microsoft Excel, PowerPoint, or Access formats).

### 5.3   Exercise of Restraint and Care in Designation of Material Produced for Protection by Parties and Non-Parties Other than CMS

Each Party or Non-Party other than CMS that designates information or items for protection as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order must limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.4    **Manner and Timing of Designation of Material Produced for Protection by Parties and Non-Parties Other than CMS**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order by Parties and Non-Parties other than CMS requires:

(a)    **Documents**

For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix at a minimum, the legend "CONFIDENTIAL" (in the case of CONFIDENTIAL Information or Items) or the legend "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" (in the case of PHI or Items) or the legend "HIGHLY CONFIDENTIAL" (in the case of HIGHLY CONFIDENTIAL Information or Items; collectively, the "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" AND/OR "HIGHLY CONFIDENTIAL" legend), to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection as CONFIDENTIAL Information or Items, PHI or Items, or as HIGHLY

CONFIDENTIAL Information or Items, the Producing Party also must clearly identify the portion(s) protected under each classification (*e.g.*, by making appropriate markings in the margins).  A Party or Non-Party other than CMS that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL.  After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, either as CONFIDENTIAL Information or Items, PHI or Items, or as HIGHLY CONFIDENTIAL Information or Items.  Then, before producing the specified document, the Producing Party must affix the CONFIDENTIAL, CONFIDENTIAL & PROTECTED HEALTH INFORMATION, or HIGHLY CONFIDENTIAL legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection as CONFIDENTIAL Information or Items, PHI or Items, or as HIGHLY CONFIDENTIAL Information or Items, the Producing Party also must clearly identify the portion(s) protected under each classification (*e.g.*, by making appropriate markings in the margins).  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the designation of "CONFIDENTIAL", "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL" Information shall be made by branding the slip-sheet for the document with "CONFIDENTIAL", "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL." The metadata for the document shall also reflect its confidential status, as set forth in the agreed upon ESI specifications.  The media on which the CONFIDENTIAL Information, PHI or HIGHLY CONFIDENTIAL Information is provided (*e.g.*, CD, DVD, external hard drive) also shall be and remain plainly

labeled with "CONFIDENTIAL", "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL" as appropriate (unless and until the protection of the data within the media is removed).  Any copying or transferring of electronic files that are designated as CONFIDENTIAL Information, PHI, or HIGHLY CONFIDENTIAL Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and where users access the material.

(b)   **Testimony in Depositions**

During a deposition, the Parties may show deponents Documents or other Discovery Material that has been designated as "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL" by any Party or Non-Party by indicating on the record at the deposition that the testimony is CONFIDENTIAL, PHI or HIGHLY CONFIDENTIAL and subject to the provisions of this Protective Order and the reasons for the assertion, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL INFORMATION," and "Governed by Protective Order." Additionally and alternatively, any Party or Non-Party may also designate information disclosed at a deposition as "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL" Information by indicating the designation on the record or by notifying the reporter and all counsel of record, in writing, within thirty (30) calendar days of receipt of the official deposition transcription or copy thereof (or written notification that the transcript is available), of the specific pages and lines of the transcript that are to be designated as "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL," in which case all counsel receiving the transcript will be responsible for marking copies of the designated

transcript in their possession or under their control.  During the 30-day period following the receipt of the official deposition transcription, all Parties will treat the entire deposition transcript as if it had been designated "HIGHLY CONFIDENTIAL."

For information produced in some form other than documentary and for other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored, as applicable, either of the legends "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection as CONFIDENTIAL, PHI or as HIGHLY CONFIDENTIAL Information or Items, the Producing Party, to the extent practicable, shall identify the portion(s) protected under each classification.

(c)  **Interrogatory Answers and Responses to Requests for Production or Admission**

The Parties shall designate CONFIDENTIAL Information contained in interrogatory answers or responses to requests for production or admission by placing before the answer or response: "The following response is 'CONFIDENTIAL.'" The Parties shall designate PHI Information contained in interrogatory answers or responses to requests for production or admission by placing before the answer or response: "The following response is 'CONFIDENTIAL & PROTECTED HEALTH INFORMATION.'" The Parties shall designate HIGHLY CONFIDENTIAL Information contained in interrogatory answers or responses to requests for production or admission by placing before the answer or response: "The following response is 'HIGHLY CONFIDENTIAL.'"

5.5   **Inadvertent Production By CMS, Parties and Non-Parties**

If Discovery Materials subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information") were inadvertently produced by a Producing Party or CMS, that Producing Party or CMS

will be entitled to "claw back" this Inadvertently Disclosed Information and to have all copies of it either returned to the Producing Party or CMS, or destroyed.  If a Producing Party or CMS seeks to claw back Inadvertently Disclosed Information, it is entitled to do so, regardless of the Producing Party's or CMS's diligence in initially attempting to prevent such an inadvertent disclosure.  To the extent possible, the Producing Party or CMS will claw back only the portions of Discovery Materials containing information subject to a claim of attorney-client privilege or attorney work product protection.  Any Inadvertent Disclosure by the Producing Party or CMS does not constitute and may not be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information itself and/or its subject matter with respect to this Litigation or in any other federal, state, or local proceeding, regardless of Producing Party's or CMS's diligence in initially attempting to prevent such disclosure.  If the Producing Party or CMS makes a claim of inadvertent disclosure, the Parties shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed.  Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party or CMS shall produce a privilege log with respect to the Inadvertently Disclosed Information.  Any Party may move the court for an order compelling production of the Inadvertently Disclosed Information.  The motion must be filed under seal, and may not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.  The Producing Party or CMS retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information contained in Discovery Materials.  Nothing in this Protective Order limits the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

When Receiving Parties are notified in writing that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

### 5.6    Inadvertent Failure to Designate by CMS, Parties and Non-Parties

If at any time prior to the trial of this action, a Producing Party or CMS realizes that some portion(s) of Discovery Material was produced without a designation of CONFIDENTIAL, CONFIDENTIAL & PROTECTED HEALTH INFORMATION, or HIGHLY CONFIDENTIAL, the Producing Party or CMS may add either designation to those Discovery Materials without limitation by apprising the Parties in writing of such designation.  Such Discovery Material will thereafter be treated as CONFIDENTIAL Information, PHI, or HIGHLY CONFIDENTIAL Information under the terms of this Protective Order.  Any failure of a Producing Party or CMS to designate Discovery Material as CONFIDENTIAL, CONFIDENTIAL & PROTECTED HEALTH INFORMATION, or HIGHLY CONFIDENTIAL does not constitute a waiver of any claim of privilege or work product protection with respect to the Discovery Material.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 5.7    Proprietary Information

For Documents containing Proprietary Information designated as HIGHLY CONFIDENTIAL, a Party's or a Non-Party's production of Discovery Material in

this case shall not be construed as waiving or diminishing the Party's or a Non-Party's interests in and rights to the confidentiality of Proprietary Information.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS BY PARTIES AND NON-PARTIES OTHER THAN CMS

### 6.1 Timing of Challenges

Any Party or Non-Party may challenge a designation of protection at any time that is consistent with the Court's Scheduling Order (the "Challenging Party") by giving written notice (including by email) to Counsel for the Designating Party, identifying the Document or other Discovery Material, or portions thereof, to which the objection is directed, and specifying in reasonable detail the reason or reasons for the objection.

### 6.2 Meet and Confer

Within ten (10) calendar days of the receipt of such written notice the Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 through Local Rule 37-4 unless the designation is waived or withdrawn by the Designating Party.

### 6.3 Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL PRODUCED BY CMS

### 7.1   Access to CONFIDENTIAL Information Produced by CMS

As needed to pursue the Litigation, and subject to subparagraph 7.3 below, the Parties shall permit only the following persons to have access to CONFIDENTIAL Information produced by CMS or a CMS Producing Party:

(a)   The Parties' Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   The Parties' In-House Counsel;

(c)   The Parties and their officers, directors or employees, whose assistance is reasonably necessary to assist counsel in this Action, provided that each is first advised of the terms of this Protective Order and his or her obligation under this Protective Order to keep the CONFIDENTIAL Information confidential;

(d)   Service Providers;

(e)   The Parties' Experts and Consultants and their employees and agents to whom disclosure is reasonably necessary for this Action;

(f)   Any Non-Party individual and attorneys for that individual interviewed or deposed by a Party's Counsel of Record in connection with this Action, provided that any such person is first advised of the terms of this Protective Order and his or her obligation under this Protective Order to keep the CONFIDENTIAL Information confidential and executes Exhibit A attached to this Protective Order, stating that such person has read the Protective Order and agrees to be bound by it and the witness will not be permitted to keep any CONFIDENTIAL

STIPULATED CONFIDENTIALITY AGREEMENT AND HIPAA QUALIFIED PROTECTIVE ORDER

information.   Exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(h)     Any private mediators or settlement officers and their employees used in this Action;

(i)     The Court and Court-related personnel;

(j)     Court reporters and their staff; and

(k)     Such other persons if this Court so orders.

## 7.2     Access to HIGHLY CONFIDENTIAL Information Produced by CMS

As needed to pursue the Litigation, and subject to subparagraph 7.3 below, the Parties shall permit only the following persons to have access to HIGHLY CONFIDENTIAL Information produced by CMS or a CMS Producing Party:

(a)     The Parties' Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     The Parties' In-House Counsel;

(c)     Service Providers;

(d)     The Parties' Experts and Consultants and their employees and agents to whom disclosure is reasonably necessary for this Action;

(e)     Any Non-Party individual and attorneys for that individual interviewed or deposed by a Party's Counsel of Record in connection with this Action.   Exhibits to depositions that reveal

STIPULATED CONFIDENTIALITY AGREEMENT AND HIPAA QUALIFIED PROTECTIVE ORDER

Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

    (f)    Any private mediators or settlement officers and their employees used in this Action;

    (g)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

    (h)    The Court and Court-related personnel;

    (i)    Court reporters and their staff; and

    (j)    Such other persons if this Court so orders.

**7.3**     **Acknowledgment of Protective Order by Designated Individuals with Respect to Information Produced by CMS**

Except for the individuals designated under paragraphs 7.1(i) and 7.2(i) above, the Parties shall ensure that each individual designated in paragraphs 7.1 and 7.2 above who reviews or is given access to Discovery Materials produced by CMS reads, agrees to, and signs a copy of the attached Acknowledgement of Protective Order (Exhibit A), except that entry of this Protective Order by the Court will constitute Acknowledgement by the Parties and their Counsel. Where an entity is designated in paragraphs 7.1 and 7.2, an officer or manager of the entity may sign the Acknowledgement of Protective Order on behalf of the entire entity. Each Party's Counsel shall maintain the copy of the Acknowledgement of Protective Order as signed by each individual or entity designated in paragraphs 7.1 and 7.2 and shall permit the opposing Party's Counsel and U.S. Department of Health and Human Services (HHS) Office of the General Counsel, CMS Division to inspect said copy or copies upon request. Individuals and entities designated in paragraphs 7.1 and 7.2, except for the individuals designated under paragraphs 7.1(i) and 7.2(i),

1   who do not sign the attached Acknowledgement of Protective Order must not be

2   given access to Discovery Materials produced by CMS.

3          7.4    **Access to and Use of PHI Produced by CMS**

4          Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with

5   the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the

6   Parties' Counsel in this case, the employees and agents of each Party, and all Non-

7   Party Covered Entities are expressly and specifically authorized to use or disclose

8   PHI in accordance with this order to:

9              (a)    Respond to interrogatories, requests for admission, or requests

10                    for production of documents, including ESI, served pursuant to

11                    the Federal Rules of Civil Procedure in this case seeking PHI;

12              (b)    Request interviews or depositions and interview, depose, or

13                    respond in interviews or depositions in which PHI might be

14                    disclosed;

15              (c)    Prepare briefs and other materials for the court so long as such

16                    materials are treated in accordance with paragraph 7.6 of this

17                    Protective Order; and

18              (d)    Disclose PHI to a party's experts, consultants and their

19                    employees and agents, regardless of whether the expert is a

20                    consulting or testifying expert.

21          Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA

22   compliance, each deponent noticed for deposition in this case, including but not

23   limited to a Party, a fact witness, a records custodian, an expert, or a Covered Entity

24   of any type, is expressly and specifically authorized to use or to disclose to the

25   Parties' Counsel in this case and the employees and agents of each Party and each

26   Party's Counsel in this case, the PHI that is responsive to deposition questions or a

27   valid subpoena *duces tecum*.

28

Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, any person or entity authorized or ordered under this paragraph to use or disclose PHI is expressly and specifically authorized to do so with, to, or before any Service Providers designated by a Party or a Party's Counsel in this case. The protections and requirements of paragraphs 7.1, 7.2, 7.4, and 8.3 of this Protective Order must be imposed on Service Providers as a condition of any Service Provider's receipt of PHI. Each Party or the Party's Counsel is charged with obtaining advance consent of such Service Provider to comply with this paragraph. Upon such consent, the Service Provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of this Litigation for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

The intent of this Protective Order is to authorize the use and disclosure of PHI in accordance with 45 C.F.R. § 164.512(e) and the terms of this Protective Order. To the extent that the uses and disclosures of PHI authorized under this Protective Order may be permitted under other provisions of the HIPAA Privacy Rule, such uses and disclosures are made pursuant to and in accordance with 45 C.F.R. § 164.512(e). This paragraph does not apply to uses and disclosures of PHI that are not authorized under this Protective Order.

### 7.5 Terms Specific to Proprietary Information and Commercially Sensitive Information Produced by CMS

For Discovery Materials produced by CMS containing Proprietary Information or Commercially Sensitive Information designated as HIGHLY CONFIDENTIAL, CMS's or a CMS Producing Party's production of HIGHLY CONFIDENTIAL Information in this case is not to be construed as waiving or diminishing CMS's or a CMS Producing Party's interests in and rights to the confidentiality of Proprietary Information or Commercially Sensitive Information, unless otherwise ordered by the Court.

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

Discovery Material produced by CMS or a CMS Producing Party may not be disclosed or used by any Party or any individual or entity designated in paragraphs 7.1 or 7.2 for any purpose other than the Litigation.

Subject to paragraph 5.5, all CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information produced, transmitted, or otherwise received electronically by CMS must be maintained in a reasonably secure manner and guarded against re-disclosure for the life of the record.

### 7.6 Use of CMS-Produced CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information in documents filed with the Court

In the event any Party wishes to use CMS-produced CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information in any affidavits, briefs, memoranda, exhibits, motions, or other papers filed in court in this action, such Party shall take appropriate steps to safeguard CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information, including ensuring compliance with all applicable local rules and district court rules. Where the papers to be filed contain CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information not pertinent to the issue before the Court, the Parties should redact such CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information. Where the filing Party wishes the Court to review the CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information, the filing party must make the filing under seal with the clerk of the court and the filing should remain under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing.

### 7.7 Miscellaneous Provisions with Respect to Discovery Material Produced by CMS

Any and all Medicare or Medicaid claims data produced by CMS in this action is considered CONFIDENTIAL Information and/or HIGHLY CONFIDENTIAL

Information (depending on which data fields are included or excluded) as that term is used throughout this Protective Order.

Pursuant to 5 U.S.C. § 552a(b)(11), this Protective Order authorizes CMS to release Privacy Act-protected information covered by this Protective Order, without the consent of the subject individual.

The production of any Discovery Material by CMS in the course of this action, pursuant to and in compliance with the terms of this Protective Order, which might otherwise be prohibited by the Trade Secrets Act, 18 U.S.C. § 1905, constitutes a disclosure "authorized by law" under the terms of the Act.

Should any Party or Non-Party bound by this Protective Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring disclosure of Discovery Materials produced by CMS or a CMS Producing Party in this Litigation that is designated as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information, such person shall give notice to HHS Office of the General Counsel, CMS Division so that CMS may seek appropriate relief, if any.  Notice must be made by the sooner date of ten (10) days from the date the Party or Non-Party received the request for production or seven (7) days prior to the deadline for responding to the request for production, and must be in writing.

Notwithstanding any provisions of this Protective Order to the contrary, in accordance with any applicable federal, state, or local laws that afford heightened protection to certain categories of confidential health information, including but not limited to, records or diagnosis or treatment for alcohol or substance abuse, certain sexually transmitted diseases such as HIV/AIDS, mental health, and research pertaining to genetic testing, the Party in receipt of such information shall comply with the applicable federal, state, or local law that affords heightened protection to such information.

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

Nothing in this Protective Order affects the rights of the Parties, CMS, or Non-Parties to object to discovery on grounds other than those related to the protection of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information produced herein by CMS, nor does it preclude any Party or Non-Party from seeking further relief or protective orders from this Court as may be appropriate under the Federal Rules of Civil Procedure.

Any person requiring further protection of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information produced by CMS may petition this Court for a separate order governing the disclosure of its information.

The provisions of this Protective Order survive the Final Disposition of this Litigation.

This court retains jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt therefore.

This Protective Order does not dictate the use of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL Information by a Party at trial.  Such use must be determined by appropriate order of the Court upon noticed motion.

To the extent that inconsistences exist between this Protective Order and any CMS Data Use Agreement executed by the Party in receipt of applicable Discovery Materials, the provisions of this Protective Order control.

This Protective Order may be amended for good cause shown.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL PRODUCED BY A PARTY OR NON-PARTY OTHER THAN CMS**

### 8.1    Filing Protected Material Produced by a Party or a Non-Party Other than CMS

Before filing any pleadings or other documents of any nature, including any brief, memorandum, motion, letter, or other document, all or part of which contain material designated "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL" by a Party or any

Non-Party other than CMS, the Parties shall confer and seek in good faith to agree on redactions or other accommodations that would permit the filing of such documents in the public record.  To the extent that any part of such documents must be redacted or filed under seal, the Party that seeks to file the Protected Material under seal must comply with Civil Local Rule 79-5.2.2(b).  No un-redacted pleadings or other documents which contain material designated "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL" shall be filed in the public record prior to the Court's ruling on that Party's application under Local Rule 79-5. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. The procedures for use of CONFIDENTIAL Information, PHI, or HIGHLY CONFIDENTIAL Information during any hearing or the trial of this matter shall be determined by the Parties and the Court in advance of the hearing or trial.

### 8.2   Basic Principles with Respect to Discovery Material Produced by a Party or Any Non-Party Other than CMS

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party other than CMS in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order and, for PHI, otherwise complies with federal law and

regulations concerning the storage, security, and disclosure of personal health information.

### 8.3   Disclosure of CONFIDENTIAL Information or Items and PHI Produced by Parties or Non-Parties Other than CMS

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party whose assistance is reasonably necessary to assist counsel in this Action, provided that, as to information, items or PHI produced by any federal or state agencies other than CMS, each is first advised of the terms of this Protective Order and his or her obligation under this Protective Order to keep the Confidential Information confidential;

(c)   experts and Consultants and their employees and agents (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)   Service Providers;

(e)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

(f)   the author or recipient of a document containing the information;

(g)   any Non-Party individual interviewed by a Party's Counsel of Record in connection with this Action, provided that any such person is first advised of the terms of this Protective Order and his or her obligation under this Protective Order to keep the Confidential Information confidential and executes Exhibit A attached to this Protective Order, stating that such person has read the Protective Order and agrees to be bound by it;

(h)   during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign "the Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any CONFIDENTIAL information, unless otherwise agreed by the Designating Party.  Exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)   any private mediator or settlement officer, and their employees, mutually agreed upon by the Parties to be used in this Action after first being advised of the terms of this Protective Order and their obligation under this Protective Order to keep the Confidential Information confidential and executes Exhibit A attached to this Protective Order, stating that such person has read the Protective Order and agrees to be bound by it;

(j)   the Court and Court-related personnel;

(k)   court reporters and their staff; and

(l)   such other persons if this Court so orders.

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

8.4     **Disclosure of HIGHLY CONFIDENTIAL Information Produced by Parties or Non-Parties Other than CMS**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Parties' Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the Parties' In-House Counsel of Record in this Action, as well as employees of said In-House Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c)     The Parties' Experts and Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     any Non-Party individual interviewed or deposed by a Party's Counsel of Record in connection with this Action, provided that any such person is first advised of the terms of this Protective Order and his or her obligation under this Protective Order to keep the Confidential Information confidential and executes Exhibit A attached to this Protective Order, stating that such person has read the Protective Order and agrees to be bound by

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

1          it;

2      (h)     the author or recipient of a document containing the information;

3          and

4      (i)     any private mediator or settlement officer, and their employees,

5          mutually agreed upon by the Parties to be used in this Action

6          after first being advised of the terms of this Protective Order and

7          their obligation under this Protective Order to keep the

8          Confidential Information confidential and executes Exhibit A

9          attached to this Protective Order, stating that such person has

10          read the Protective Order and agrees to be bound by it;

11     (j)     the Court and Court-related personnel;

12     (k)     court reporters and their staff; and

13     (l)     such other persons if this Court so orders.

14  **9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED
    PRODUCED IN OTHER LITIGATION**

15

16          If a Party is served with a subpoena or a court order issued in other litigation

17  that compels disclosure of any information or items designated in this Action as

18  "CONFIDENTIAL" or "CONFIDENTIAL & PROTECTED HEALTH

19  INFORMATION," or "HIGHLY CONFIDENTIAL," that Party must:

20     (a)     promptly notify in writing the Designating Party.   Such

21          notification shall include a copy of the subpoena or court order;

22     (b)     promptly notify in writing the party who caused the subpoena or

23          order to issue in the other litigation that some or all of the

24          material covered by the subpoena or order is subject to this

25          Protective Order.  Such notification shall include a copy of this

26          Stipulated Protective Order; and

27     (c)     cooperate with respect to all reasonable procedures sought to be

28          pursued by the Designating Party whose Protected Material may

be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.  PROTECTED MATERIAL OF A NON-PARTY OTHER THAN CMS THAT A PARTY HAS SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1   The terms of this Order applicable to Protected Material produced by CMS are governed by the provisions above as indicated.  The terms of this Order are also applicable to information produced by other Non-Parties to this Action that are designated as "CONFIDENTIAL," "CONFIDENTIAL & PROTECTED HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL" as set forth above.  Such information produced by Non-Parties other than CMS in connection with this Litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2   In the event that a Party is required, by a valid discovery request, to produce CONFIDENTIAL, HIGHLY CONFIDENTIAL Information, or PHI in its possession other than information produced by CMS, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information or PHI, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a

1          confidentiality agreement with a Non-Party;

2          (b)   promptly provide the Non-Party with a copy of the Stipulated

3                Protective Order in this Action, the relevant discovery request(s),

4                and a reasonably specific description of the information

5                requested; and

6          (c)   make the information requested available for inspection by the

7                Non-Party, if requested.

8          10.3   If the Non-Party (other than CMS) fails to seek a protective order from

9    this court within fourteen (14) days of receiving the notice and accompanying

10   information, the Receiving Party may produce the Non-Party's confidential

11   information responsive to the discovery request, and may produce the Non-Party's

12   PHI responsive to the discovery request to the extent and in the manner required by

13   federal and state laws and regulations.  If the Non-Party timely seeks a protective

14   order, the Receiving Party shall not produce any information in its possession or

15   control that is subject to the confidentiality agreement with the Non-Party before a

16   determination by the court.  Absent a court order to the contrary, the Non-Party shall

17   bear the burden and expense of seeking protection in this court of its Protected

18   Material.

19   **11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL OTHER THAN PROTECTED MATERIAL PRODUCED BY CMS**

20

21          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22   Protected Material, other than Protected Material produced by CMS, to any person

23   or in any circumstance not authorized under this Stipulated Protective Order, the

24   Receiving Party must immediately (a) notify in writing the Designating Party of the

25   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies

26   of the Protected Material, (c) inform the person or persons to whom unauthorized

27   disclosures were made of all the terms of this Order, and (d) request such person or

28

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

persons to execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

**12.    DESTRUCTION OF DOCUMENTS AFTER FINAL DISPOSITION**

12.1    **Destruction of CMS-Produced CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information at the Conclusion of the Litigation**

No later than 90 days following the Final Disposition of the Litigation, the Parties and the individuals and entities designated in paragraphs 7.1 and 7.2 shall destroy all CONFIDENTIAL Information and HIGHLY CONFIDENTIAL Information (including all copies made) produced by CMS.

All counsel of record shall certify compliance with this paragraph on behalf of themselves, the Parties they represent, and the Parties' employees and agents (including, but not limited to, the individuals and entities designated in paragraphs 7.1 and 7.2, as applicable) and shall deliver this certification to HHS Office of the General Counsel, CMS Division not more than 90 days after Final Disposition.

12.2    **Destruction at the Conclusion of the Litigation of CONFIDENTIAL Information, PHI and HIGHLY CONFIDENTIAL Information Produced by Parties or Non-Parties Other than CMS**

If this Action proceeds to Final Disposition without trial, then after the Final Disposition of this Action, as defined above, within 60 days of a written request by the Designating Party, each Receiving Party must return all non-CMS Produced Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, insofar as Counsel retaining PHI, CONFIDENTIAL or HIGHLY CONFIDENTIAL Information under this provision observe all requirements for, restrictions on, and specifications governing retention of PHI under federal and state law and regulations.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**13.   MISCELLANEOUS**

**13.1   Right to Further Relief**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2   Right to Assert Other Objections**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

**14.   VIOLATIONS**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated:  August 4, 2022

   /s/ *Kolin C. Tang*

3  Kolin C. Tang (SBN 279834)
   James C. Shah (SBN 260435)

4  MILLER SHAH LLP
   19712 MacArthur Boulevard, Suite 222

5  Irvine, CA 92612
   Telephone: (866) 540-5505

6  Email: kctang@millershah.com

7        jcshah@millershah.com

8  James E. Miller (SBN 262553)
   Chiharu G. Sekino (SBN 306589)

9  Casey T. Yamasaki (SBN 335445)

10 MILLER SHAH LLP
   1230 Columbia St., Ste 1140

11 San Diego, CA 92101

12 Telephone: (866) 540-5505
   Email: jemiller@millershah.com

13       cgsekino@millershah.com

14       ctyamasaki@millershah.com

15
   Heidi A. Wendel

16 MILLER SHAH LLP
   225 Broadway, Suite 1830

17 New York, NY 10007

18 Telephone: (866) 540-5505
   Email: hawendel@millershah.com

19

20 Michael A. Hirst (SBN 131034)
   Marisela Bernal (SBN 329589)

21 HIRST LAW GROUP, P.C.

22 200 B Street, Suite A
   Davis, California 95616

23 Telephone: (530) 756-7700

24 Email: michael.hirst@hirstlawgroup.com

25       marisela.bernal@hirstlawgroup.com

26 Suzanne E. Durrell

27 DURRELL LAW OFFICE
   180 Williams Avenue

28 Milton, Massachusetts 02186

Telephone: (617) 333-9681
Email: suzanne@thomasdurrell.com

Robert M. Thomas, Jr.
THOMAS & ASSOCIATES
20 Park Plaza, Suite 438
Boston, Massachusetts 02116
Telephone: (617) 366-2800
Email: bob@thomasdurrell.com

David J. Caputo
YOUMAN & CAPUTO LLC
1635 Market Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 302-1999
Email: dcaputo@youmancaputo.com

Zachary Arbitman
Feldman Shepherd Wohlgelernter Tanner
Weinstock Dodig LLP
1845 Walnut St, Suite 2100
Philadelphia, PA 19103
Telephone: (215) 567-8300
Email: zarbitman@feldmanshepherd.com

*Attorneys for Plaintiff-Relator*

/s/ David J. Schindler
David J. Schindler (SBN 130490)
Jason M. Ohta (SBN 211107)
Molly K. Wyler (SBN 299881)
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email: david.schindler@lw.com

*Attorneys for Defendants The Ensign Group, Inc. and Ensign Services, Inc.*

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

1

2    SO ORDERED this 8th day of August 2022.

3

4                                _____

5                                The Honorable Douglass F. McCormick

6                                United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED CONFIDENTIALITY AGREEMENT
AND HIPAA QUALIFIED PROTECTIVE ORDER

**Exhibit A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, [in my individual capacity] OR [as _____ (title) of _____ (entity name), on behalf of _____ (entity name)], acknowledge that I have read, understand and agree to be bound by the Stipulated Confidentiality Agreement and HIPAA Qualified Protective Order (the "Protective Order") in the above-captioned action governing the non-disclosure of those portions of Discovery Material that have been designated as CONFIDENTIAL Information, CONFIDENTIAL & PROTECTED HEALTH INFORMATION, and/or HIGHLY CONFIDENTIAL Information.  I agree that I will disclose such CONFIDENTIAL Information, CONFIDENTIAL & PROTECTED HEALTH INFORMATION, or HIGHLY CONFIDENTIAL Information only as expressly permitted by this Protective Order and only for purposes of the Litigation (as defined in the Protective Order), that I will not use, or cause to be used, the CONFIDENTIAL Information, CONFIDENTIAL & PROTECTED HEALTH INFORMATION, or HIGHLY CONFIDENTIAL Information for the commercial or competitive benefit of any party or competitor to any party in this Litigation, and that I will take all reasonable measures to protect the confidentiality of all such Discovery Material.  No later than 90 days following the Conclusion of the Litigation, I will destroy or return to Producing Party or HHS Office of the General Counsel, CMS Division, as applicable, all CONFIDENTIAL Information, CONFIDENTIAL & PROTECTED HEALTH INFORMATION, and HIGHLY CONFIDENTIAL Information in my possession (including all copies made).  If I am counsel of record in the Litigation, I will certify compliance with paragraph 12.1 of the Protective Order and deliver this certification to HHS Office of the General Counsel, CMS Division not more than 90 days after the Conclusion of the Litigation.

EXHIBIT A
ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

_____          _____
Date                                                      Name

EXHIBIT A
ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND