LATHAM & WATKINS LLP
David J. Schindler (Bar No. 130490)
   *david.schindler@lw.com*
Molly K. Wyler (Bar No. 299881)
   *molly.wyler@lw.com*
Samantha P. Koppel (Bar No. 313479)
   *samantha.koppel@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

LATHAM & WATKINS LLP
Jason M. Ohta (Bar No. 211107)
   *jason.ohta@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Telephone: + 1.858.523.5400
Facsimile: +1.858.523.5450

*Attorneys for Defendants
The Ensign Group, Inc. and Ensign Services,
Inc. (erroneously sued as Ensign Facility
Services, Inc.)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE of CALIFORNIA, *ex rel.* SHARON GINGER,<br><br>Plaintiffs,<br><br>v.<br><br>THE ENSIGN GROUP, INC. and ENSIGN FACILITY SERVICES, INC.,<br><br>Defendants. | CASE NO. 8:15-cv-00389-JWH-DFM<br><br>Hon. Magistrate Judge Douglas F. McCormick<br><br>**DEFENDANTS THE ENSIGN GROUP, INC. AND ENSIGN SERVICES, INC.'S SIXTH STATUS REPORT** |

Pursuant to the Court's June 8, 2023 Order (ECF No. 233), The Ensign Group, Inc. ("Ensign Group") and Ensign Services, Inc., ("Ensign Services" and collectively, "Defendants"), hereby submit this Status Report regarding their document productions in the above-captioned matter.

On May 5, 2023, the parties submitted a Joint Request for Continuance of Discovery Cut-Off, Pretrial, and Trial Dates ("Joint Request") (ECF No. 224). The Joint Request sets forth the good cause for extending the Court's May 31, 2022 Civil Trial Scheduling Order ("Scheduling Order"). Specifically, the Joint Request noted the considerable time and expense associated with producing discovery from thirty-seven (37)[1] separate legal entities, and the fact that the amount of time and resources required to complete this process was unknown when the parties submitted their Joint Rule 26(f) Report. Separate and apart from these good causes justifying an extension of the calendar dates, the parties jointly recognized that discovery has been further delayed by ongoing disputes over whether Relator is entitled to seek discovery from more than the thirty-seven (37) entities.[2] Following a May 16, 2023 hearing on the Joint Request (ECF. No. 226), the Court granted the Joint Request and entered an Amended Civil Scheduling Order ("Amended Scheduling Order") (ECF No. 227) as follows:

| Event | Original Date | Stipulated Date |
|---|---|---|
| Substantial Completion of Document Productions | May 19, 2023 | September 29, 2023 |
| Completion of 30(b)(1) and 30(b)(6) depositions | May 19, 2023 | January 26, 2024 |
| Initial Disclosure of Expert Witnesses: | June 2, 2023 | February 23, 2024 |

---

[1] The thirty-seven (37) separate legal entities include the two (2) named Defendants and the thirty-five (35) Arguably Relevant SNFs.

[2] As Defendants explained to Relator and to this Court in their March 24, 2023 Status Report and elsewhere, obtaining discovery from non-Arguably Relevant SNFs delayed Defendants' efforts to collect and produce information relating to Arguably Relevant SNFs.

| | | |
|---|---|---|
| Rebuttal Expert Witnesses Disclosure: | June 23, 2023 | March 22, 2024 |
| Expert Discovery Cut-Off: | July 14, 2023 | April 19, 2024 |
| Deadline to File Dispositive Motions: | August 4, 2023 | June 14, 2024 |
| Settlement Conference Completion: | August 25, 2023 | July 12, 2024 |
| Oppositions to Dispositive Motions: | August 25, 2023 | July 12, 2024 |
| Replies in Support of Dispositive Motions: | September 15, 2023 | August 16, 2024 |
| Hearings on Dispositive Motions: | October 6, 2023 at 9 a.m. | September 6, 2024 at 9 a.m. |
| Hearing on Motions *in Limine*: | November 3, 2023 at 9 a.m. | November 8, 2024 at 9 a.m. |
| Final Pretrial Conference: | November 17, 2023 at 1 p.m. | November 15, 2024 at 1 p.m. |
| Jury Trial: | December 4, 2023 at 9 a.m. | December 2, 2024 at 9 a.m. |

The Court's October 27, 2022 Order concerning Plaintiff-Relator Sharon Ginger's ("Relator") Motion to Compel Discovery Responses ordered Defendants to submit a status report detailing the progress of their production within 30 days. On November 23, 2022, Defendants submitted their first status report (ECF No. 169). On November 30, 2022, January 11, 2023, February 27, 2023, March 27, 2023, and June 8, 2023, the Court ordered Defendants to submit status reports on or before January 6, 2023 (ECF No. 170), February 17, 2023 (ECF No. 174), March 24, 2023 (ECF No. 183), May 19, 2023 (ECF No. 202), and July 14, 2023 (ECF No. 233). Defendants submitted the status reports on: January 6, 2023 (ECF No. 174), February 17, 2023 (ECF No. 182), March 24, 2023 (ECF No. 201), and May 19, 2023 (the "May 19 Status Report" ECF No. 230).

**Defendants' Document Collection and Production**

Relator served thirty (30) Requests for Production ("Requests") seeking documents and information from thirty-seven (37) separate legal entities. As a result, Defendants are collecting and producing documents and information responsive to over eleven hundred (1,110) Requests. Defendants are also collecting and producing documents responsive to six (6) Interrogatories Relator served, which target documents and information from the same thirty-seven (37) entities.[3]

Since the May 19 Status Report, Defendants have continued their efforts to collect and produce documents and information to respond to the Requests and Interrogatories as follows:

*Data Collection.*

Defendants have collected all known custodial data from the Arguably Relevant SNFs potentially responsive to over thirteen hundred (1,300) Requests and Interrogatories. Defendants have identified and collected data from sources relating to ninety-eight (98) custodians, as well as their predecessors and successors, employed at Ensign Services and the Arguably Relevant SNFs[4] during the agreed-upon Relevant Time Period. Defendants have identified and collected nearly all known electronic data from central locations as discussed at the March 23, 2023 Informal Discovery Conference ("IDC") (e.g., contracts between non-Arguably Relevant SNFs and Medical Directors which were maintained at Ensign Services). Additionally, Defendants are still in the process of conducting site visits at the Arguably Relevant SNFs.

---

[3] As the Court is aware, Relator sought to expand the scope of Interrogatory Nos. 1 and 5 to two hundred two (202) entities (two (2) named Defendants, the thirty-five (35) Arguably Relevant SNFs, and the one hundred sixty-five (165) non-Arguably Relevant SNFs). On April 19, the Court denied Relator's request and limited discovery to the 35 Arguably Relevant SNFs as outlined in the Court's October 27, 2022 Order (ECF No. 221).

[4] The Ensign Group is a holding company and has no employees.

*TAR Process.*

Defendants' collection and processing of technology assisted review ("TAR") eligible documents is complete. Defendants now understand that they have collected, processed for review, and loaded all known sources of TAR-eligible electronic data. In total, Defendants have collected, processed, and loaded over 10.3 million documents to the review platform. As agreed upon by the parties, Defendants have implemented and will continue to utilize threading to remove redundant email threads from the review population. The number of documents in the TAR-eligible universe, following threading and exclusions, is currently over 5.3 million.

*Productions.*

On June 22, 2023, the parties engaged in a mediation before Hon. Terry B. Friedman (Ret.). While those efforts were unsuccessful, in connection with exchanging mediation briefs, Defendants identified documents which were produced to the United States Department of Justice in response to a Civil Investigation Demand that was issued to the Ensign Group and are subject to a claim of attorney-client privilege and work product protection (the "Inadvertently Disclosed Information"). On July 10, 2023, Defendants made a re-production of those documents that excluded the Inadvertently Disclosed Information, including image and metadata overlays.

On July 14, 2023, Defendants made a production of documents (eleventh production overall) in response to Relator's Requests, First and Second Set of Interrogatories, and the parties' agreement at the March 23, 2023 IDC to make rolling productions of the contracts between non-Arguably Relevant SNFs and Medical Directors maintained at Ensign Services.

On July 14, 2023, Defendants made their fourth TAR production (and twelfth production overall). While Defendants' goal is to make productions at least once per month, they will continue to make rolling TAR productions, as swiftly as is

practicable. As Defendants have explained in previous Status Reports and as Defendants made clear during the May 16, 2023 hearing on the Joint Request, Defendants maintain an expectation that the cumulative TAR productions will be voluminous. However, it is inherent to the nature of the agreed-upon TAR process that Defendants will only be able to produce the vast majority of documents towards the end of the document discovery period; that is how long it will take for the algorithm to stabilize, for responsive, production-eligible documents to be identified, and for Defendants to process and transmit such a large number of documents.

Dated: July 14, 2023

Respectfully submitted,

LATHAM & WATKINS LLP
DAVID J. SCHINDLER
JASON M. OHTA
MOLLY K. WYLER
SAMANTHA P. KOPPEL

By _____
Samantha P. Koppel

*Attorneys for Defendants*